ELEANOR BELL, Respondent, v. H. M. C. CORP., Appellant.— Appeal from a judgment entered on the verdict of a jury rendered at a Trial Term, Supreme Court, Rensselaer County. Plaintiff slipped and fell twice on ice and snow March 4, 1960 in a parking lot owned by defendant. The lot was maintained in conjunction with an office building in which plaintiff was employed by the State of New York. Defendant therefore owed to plaintiff the duty of reasonable care to keep the premises in a safe condition. The proof is, however, that a heavy snowstorm began in the afternoon of March 3, 1960 and was continuing at noon on March 4 at the time plaintiff fell. Defendant established that it had cleared the parking lot of snow at 6:00 in the morning of March 4 and that it was not feasible to plow after employees began to park their cars in the lot. There is no proof that the hazard of slipping was increased by the manner in which the lot was plowed by defendant or that any ridges or increases in the concentration or location of snow were made by this process. Plaintiff testified as to her first fall: "As I proceeded down the hill and got into the inside of the gate, I was walking next to one of the cars and I fell." As to the second fall, she testified: "I walked over into the car ruts and I no sooner put my foot in the car ruts when my two feet gave out from under me and I fell". The "cause" of this latter fall, she said was "The snow and the ice." The finding of the jury that these falls were due to the negligence of defendant is against the weight of evidence in this case. It is not shown that the manner of clearing the snow increased the natural hazard caused by the storm; or that it was negligent not to have attempted further to plow the lot while the storm continued after the parking of cars began; or that it would have been sound practice to have prohibited any parking or pedestrian use of it at all if it could not be plowed. Judgment

reversed on the law and the facts and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson and Herlihy, JJ., concur.