VIVIAN DOYLE, Respondent, *v.* GEORGE STREIFER et al., Appellants.

Third Department, May 12, 1970.

184

*Gerald Orseck, Sidney Orseck* and *Robert Orseck* for appellants.

*Samuel Friedman* for respondent.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Sullivan County, entered upon a jury verdict in favor of respondent and a denial of appellants' motion to set aside the verdict.

The judgment in this case must be reversed and a new trial granted. The plaintiff, a tenant, alleges a fall on an areaway which formed a portion of the way of ingress and egress to her apartment. It was claimed that the areaway or court was covered with a sheet of mirror-like ice.

The negligence in this case was that there was no snow or ice removal in the areaway involved between November, 1966 and February 24, 1967, the alleged date of the accident. Such proof was offered and received over objection. On this record

such evidence was remote, irrelevant, and constituted prejudicial error. The defendant has testified to the maintenance and snow removal and the use of ashes and salt when necessary and where he got these materials. A business establishment, an employment agency, was located on the same areaway as the house in which plaintiff resided and there was testimony that many people went in and out every day.

The landlord is under a duty to use reasonable care to keep the walks and areaways which constitute the ingress and egress of the tenant reasonably safe, but cannot be held liable for a defect in his property unless he has notice of the defect or in the exercise of due care should have had such notice. In these snow and ice situations he may know that snow has fallen and thus realize that a dangerous condition exists but he is entitled to remedy the condition. Where he has not had a sufficient time to remedy the condition caused by the elements liability will not result (*Hoffman* v. *Bachrach,* 20 A D 2d 790; *Preuschoff* v. *Wank,* 16 A D 2d 690; *Falina* v. *Hollis Diner,* 281 App. Div. 711, affd. 306 N. Y. 586). Where as here, the defendants were confronted with a claim that the areaway was covered with a sheet of mirror-like ice, it is apparent that the correct date and the condition existing on that date and just prior thereto become most important and not a condition existing in November, December or January.

There was an error in the charge which constituted serious prejudice to the defendant. The court charged the jury that the sanitation and health section (Multiple Residence Law, § 174) applied to snow and ice. This section reads: '' The owner shall keep all and every part of a dwelling and the lot on which it is situated in good repair, clean and free from vermin, rodents, dirt, filth, garbage or other thing or matter dangerous to life or health ''. There is nothing in the legislative history of this section which would indicate that it was intended to apply to snow and ice cases which arise as a result of precipitation from the sky, and such a construction, it seems obvious, was not the intention of the Legislature and is improper. The court charged that this defendant had a statutory duty under this section and that ice and snow was a thing or matter dangerous to life or health within the meaning of the statute and that if the defendant violated this section and it was a proximate cause of plaintiff's injury they *must find* that defendant was negligent. Although no exception was taken to the charge, the error was a fundamental one and we should take cognizance of it in the exercise of our power to reverse and to grant a new

trial in the interests of justice. (*De Joseph* v. *Gutekunst*, 13 A. D 2d 223; *Bulat* v. *O'Brien*, 13 A D 2d 904; *Cohen* v. *Gilbert*, 12 A D 2d 301; *Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95.)

Injection of insurance coverage into the trial was improper. No motion for a mistrial, however, was made in this case.

Some of the statements in the summations were definitely improper. The statements by plaintiff's counsel that the plaintiff and the other tenants were being discriminated against because of race and color and that defendants' customers were drunkards went beyond the bounds of propriety and were prejudicial. Defendants' counsel also made some remarks which were improper. Upon a retrial counsel should act with propriety.

The judgment should be reversed, on the law and the facts and in the interests of justice, and a new trial ordered, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered, without costs.