## SECOND DEPARTMENT, JUNE, 1975

### (June 2, 1975)

■ SHELDON S. ALTENHAUS, Respondent, v FLORENCE M. KELLEY, as Administrative Justice of the Family Court of the State of New York, Appellant.—In a proceeding, *inter alia,* to compel the Family Court to accept uncertified checks in payment of obligations under a support order, the appeal is from an order of the Supreme Court, Kings County, dated August 29, 1974, which, *inter alia,* directed the acceptance of such checks. Appeal dismissed, without costs, as moot. Petitioner replaced the uncertified checks with certified ones for the periods in issue and thus rendered moot the issue of whether the Family Court or the Office of Probation should be compelled to accept uncertified checks. If the Family Court desires that support payments be made by certified rather than uncertified checks, there is nothing to stop it from inserting such a provision in any individual support order it enters, or from adopting a general rule to that effect directed to its Office of Probation. In the absence of such a directive the Probation Department, on its own initiative, could not insist on any such procedure. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Shapiro, JJ., concur.

■ IRVING AXELROD, Appellant, v SERAFIN CASELLA, Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 9, 1974, in favor of defendant Casella, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact questions have been raised or considered. Upon this record, and granting to plaintiff every favorable inference to which he is entitled *(Sagorsky v Malyon,* 307 NY 584, 586; *De Wald v Seidenberg,* 297 NY 335, 336–337; *Faso v City of New York,* 18 AD2d 1005), jury questions concerning defendant Casella's negligence and plaintiff's contributory negligence were presented. As a prima facie case was made out, it was error to dismiss plaintiff's complaint (cf. *Fuhrmann v Hanye,* 1 AD2d 894, affd. 1 NY2d 892). Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.