Edward S. Conway, J.
This is a motion by the defendant, Valle’s Steak House of Albany, Inc., for an order precluding the plaintiff from giving evidence at the trial of the action as to certain enumerated matters of which adequate particulars were not delivered as demanded by defendant.
The action in which the instant motion is predicated is to recover for personal injuries allegedly sustained as the result of plaintiff falling down in the parking lot of the defendant corporation, which lot allegedly was maintained in a negligent manner by defendant as it allowed ice and snow to accumulate in said lot.
Item 8 of defendant’s demand asked: "If notice of a condition is a prerequisite whether actual or constructive notice is claimed and if actual notice is claimed, a statement of when and to whom it was given.”
Plaintiff replied that demand is not applicable on the grounds that the case Scurti v City of New York (40 NY2d 433) applies and that the landowner liability is to be predi *1011 coted upon the standard of reasonable care, based on foreseeability.
The court cannot agree with this contention of the plaintiff.
The Scurti v City of New York case (supra) did not change the rule that notice of the condition alleged, and a reasonable opportunity to correct the condition, are prerequisites to liability in ice and snow cases such as the instant action (Doyle v Streifer, 34 AD2d 183). Therefore, defendant’s demand should be complied with so that it can properly prepare a defense to the action.
Plaintiff has consented to furnishing a further particular as to Item 9.
Therefore, the motion of the defendant is granted and plaintiff is precluded from giving evidence at the trial as to matters set forth in Item 8 of the demand unless, within twenty days after service of a copy of a preclusion order, together with notice of entry thereon, such particulars are furnished to defendant.
Defendant to submit order.