■ CHARLES MENNES et al., Respondents, v SYFELD MANAGEMENT, INC., et al., Appellants, and ELLENVILLE SAVINGS BANK, Defendant and Third-Party Plaintiff. MERCY ASAY et al., Doing Business as UNITED CLEANING MAINTENANCE, Third-Party Defendants.—Appeals (1) from a resettled judgment of the Supreme Court in favor of plaintiff, entered July 23, 1979 in Sullivan County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered May 16, 1979, which denied defendant's motion to set aside the verdict. On March 23, 1977 at 1:30 in the afternoon, plaintiffs Charles Mennes and Edith Mennes, his wife, arrived at the Monticello Mall in Monticello, New York, in a car driven by Jeffrey Rubel. Mr. Rubel parked the car in the middle of the mall parking lot, and Mr. Mennes got out and started walking towards the Ellenville Savings Bank. After traveling about five feet, he slipped and fell on ice in the parking lot. He was taken to a hospital where it was found that he had suffered a "very badly fractured hip" as a result of the fall. During his hospitalization which lasted 54 days, other complications arose. At the time of the accident, Charles Mennes was 72 years old. This action was commenced on or about September 16, 1977, against the Ellenville Savings Bank, Syfeld Management, Inc., Douglas MacDowell, doing business as Doug's Paving, Doug's Paving, Inc., and Milton Levine, Seymour Seiler and Herbert Donenfeld, individually, and as some of the copartners of Liberty Associates, to recover damages for the injuries suffered by Charles Mennes, and for the loss of his services by his wife, Edith Mennes. Defendant Douglas MacDowell, doing business as Doug's Paving, also sued as Doug's Paving, Inc., served a cross complaint on all defendants. Defendant Ellenville Savings Bank served a third-party complaint on Mercy Asay and Ted Booth, doing business as United Cleaning Maintenance, they having contracted to remove snow and ice from the parking area of the bank. Defendants Syfeld Management, Milton Levine, Seymour Seiler and Herbert Donenfeld, individually, and as copartners of Liberty Associates, cross-claimed against defendant Douglas MacDowell, doing business as Doug's Paving, Doug's Paving, Inc., alleging a requirement to indemnify and hold them harmless in whole, or in part, for any judgment recovered against them by plaintiff. At the close of defendants' case, the court dismissed the action against Ellenville Savings Bank and its third-party complaint against its contractor on the ground that the accident did not occur in the parking area of the bank. On the issue of negligence, the jury found Charles Mennes was 20% negligent; Doug's Paving was 30% negligent; and Syfeld Management was 50% negligent. On the issue of damages, the jury found total damages to Charles Mennes of $66,000. Edith Mennes was awarded $5,000 for loss of services. The jury then reduced their amounts by 20% and awarded $52,800 to Charles Mennes and $4,000 to Edith Mennes. A judgment was thereafter entered against defendants Douglas MacDowell, Herbert Donenfeld, Milton Levine and Seymour Seiler, in the amount of $57,534.40, with judgment over on behalf of the latter three defendants against Douglas MacDowell. On July

23, 1979, a resettled judgment was entered against defendants Syfeld Management, Inc., Milton Levine, Seymour Seiler, Herbert Donenfeld, and Douglas MacDowell in the amount of $58,186.43, which included interest and costs as taxed. The judgment then was apportioned in accordance with the verdict of the jury, with 50% thereof apportioned to Syfeld Management, Inc., Milton Levine, Seymour Seiler, and Herbert Donenfeld. This judgment also provided for full indemnification to Syfeld Management, Inc., Milton Levine, Seymour Seiler, and Herbert Donenfeld, individually, and as copartners of Liberty Associates by defendant Douglas MacDowell. The complaint against Ellenville Savings Bank and all of the other cross complaints were dismissed. Defendant Douglas MacDowell contends that the verdict against him is against the weight of the evidence; the judgment over in favor of the codefendants was not properly granted; and the verdict as to damages was inconsistent and excessive. The codefendants also appeal contending that there is no evidence in the record that they had reasonable notice of any dangerous condition on the parking lot; that plaintiffs failed to prove the existence of any duty running from Syfeld Management, Inc., to users of the mall in general, and to plaintiffs, in particular. The parking lot in which plaintiff slipped and fell was maintained in conjunction with a shopping center mall owned by defendants Levine, Seiler and Donenfeld, as partners. The general public was invited to shop and conduct business at the mall, and defendant owners owed to the plaintiff and other patrons of the mall the duty of reasonable care to keep the premises in a safe condition *(Bell v H. M. C. Corp.,* 18 AD2d 1038). The owners engaged Syfeld Management, Inc., to manage the mall, and contract with others to provide maintenance. It was also this defendant's responsibility to see that maintenance was taken care of, and that if a contractor did not perform properly, to obtain others that would. Syfeld Management, Inc., obtained defendant Doug's Paving and Construction Co. "to plow and remove the snow, sand and ice" on the premises known as the Monticello Mall. A contract between the owner and Doug's Paving, Inc., was entered into for that purpose on October 30, 1976, commencing on that date and terminating on April 30, 1977. This contract provided that the contractors shall carry insurance "which will indemnify it and the owner against all liability for injury and death to persons and damage to property, which may be occasioned directly or indirectly as a result of the performance of this contractor, his agent, servants, employees." On March 22, 1977, defendant MacDowell plowed snow in the mall parking lot for 14 hours. On March 23, 1977, he returned to the parking lot at about 8:00 A.M. to clean up the area where cars had been parked the day before, and plowed for about one hour. He testified that he sanded where necessary. Witnesses for the plaintiff testified that it was very slippery, and that there was no sand on the parking lot. MacDowell's records did not show that he had sanded on March 23, 1977, but showed that he had used eight tons of sand and salt on March 24, 1977. Plaintiff fell about four and one-half hours after MacDowell had completed his work on March 23, 1977. In a snow and ice situation, a property owner may not be held liable unless he has notice of the defect, or, in the exercise of due care, should have had such notice, and such owner has had a reasonably sufficient time to remedy the condition caused by the elements *(Doyle v Streifer,* 34 AD2d 183). Here, Syfeld Management, Inc., had assumed the duties of the owner to keep the parking lot free of ice and snow and, to that end, had arranged a contract with MacDowell. It had also assumed the duty of seeing to the proper performance of the contract. Having been placed in control of the premises, Syfeld had a duty to the patrons of the mall to use reasonable

care to keep the parking lot in a safe condition. Considering the snowfall on March 22, 1977, the plowing on that date and on the next day by Mac-Dowell, and the use of the parking lot during the plowing operations on March 22, 1977, the jury could reasonably conclude that defendants had knowledge of the conditions in the parking lot and could reasonably foresee the existence of icy conditions in the parking lot, and the risk to the users of the lot (see *Havas v Victory Paper Stock Co.,* 49 NY2d 381). As to defendant MacDowell, the jury could reasonably have concluded that he had knowledge of the icy condition on March 22, 1977, based on his testimony that he had sanded on that day, which was contradicted by his records and the testimony of others. The verdict, therefore, was not against the weight of the evidence. Defendant MacDowell asserts that the judgment over against him was improperly granted on the ground that MacDowell did not agree to indemnify the codefendants for their own negligence. Specifically, it is argued that the contract providing for insurance coverage contains no language whereby an intention to hold harmless the owner against its own negligence may be implied. An indemnity clause need not contain express language referring to the negligence of the indemnitee. It is sufficient that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances *(Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Levine v Shell Oil Co.,* 28 NY2d 205). The indemnity provisions in question provided for indemnity "against all liability for injury and death to persons and damages to property, which may be occasioned directly or indirectly as a result of the performance of this contractor, his agents, servants, employees." The terms of this clause are sufficiently broad to allow indemnification even though the injury to plaintiff may have been caused, in part, by the active negligence of the codefendants *(Kurek v Port Chester Housing Auth.,* 18 NY2d 450). The parties clearly expressed their unequivocal intention to have MacDowell assume the entire risk of any liability arising from the work of removing snow and ice from the parking lot. This conclusion is based upon the language of the contract and the fact that MacDowell undertook to remove snow and ice from the parking lot, and failed to carry out this undertaking, and plaintiff slipped on ice which MacDowell had contracted to remove *(Margolin v New York Life Ins. Co., supra).* MacDowell's contention that the agreement was with Monticello Mall as an entity and that he had no agreement with Donenfeld, Levine and Seiler is without merit. The evidence established that these individuals were partners in the partnership, known as Monticello Mall, and are thus one and the same as Monticello Mall. It is also contended that there was no agreement to indemnify Syfeld Management, Inc. There is no specific language in the agreement referring to this defendant, or to any agents or employees of Monticello Mall. Liability, however, was apportioned 50% to Levine, Seiler, Donenfeld and Syfeld Management, Inc., by the judgment, and nobody contends that it should have been otherwise apportioned between them. Except for the finding by the jury, they have been treated, for the purposes of this suit, as one, and have been represented by the same attorneys, their duty and liability to plaintiff being the same. Under the circumstances, it would seem improbable that liability could be apportioned between the individual defendants and this corporation. Further, the use of the name "Monticello Mall" is broad enough to include not only the owners of the mall, but also those engaged in the everyday operation of the mall. We find no merit in the contention that the judgment is excessive. We have considered the other issues raised and find no merit as to them. Judgment and order affirmed,

without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.