■ EDWARD A. FISCHER, Appellant, v WILLIAM CONNOR, Doing Business as HOTEL SCHUYLER, Respondent. — Mikoll, J. Appeal from an amended judgment of the Supreme Court in favor of defendant, entered September 12, 1984 in Saratoga County, upon a dismissal of the complaint by the court at Trial Term (Brown, J.), at the close of plaintiff's case.

Plaintiff, a 70-year-old retired insurance salesman, resided in an efficiency apartment in the rear of the Hotel Schuyler. The hotel, which was located in the Village of Schuylerville, Saratoga County, was owned and operated by defendant. The apartment had a separate entrance from the hotel proper.

Plaintiff had remained in his apartment the entire day of January 16, 1982 until about 5:00 P.M., when he went outdoors to go to the hotel bar. He was wearing rubbers on his feet and a jacket, but no gloves or hat. It was necessary for him to go around half of the hotel building to reach the bar from his apartment. January 16, 1982 was described by plaintiff as a bitter, cold day. He testified that he stayed in the bar about eight hours and consumed about six rye and vichy highballs during that time. He left the bar about 1:10 A.M. on the morning of January 17. While walking along the walkway leading up to his upper floor apartment, he slipped and fell. He did not remember the impact and was rendered unconscious. When he awoke, an unknown person who had covered him in a blanket was talking to him. Plaintiff had been outdoors in below zero temperature for several hours before he was found. Due to frostbite, he eventually lost a finger and had skin grafts on his feet.

Plaintiff instituted the instant negligence action against defendant to recover damages for his injuries. At the close of plaintiff's case, defendant moved to dismiss the complaint upon the ground that plaintiff failed to prove a prima facie case of negligence. The motion was granted and this appeal followed.

The trial court correctly granted defendant's motion to dismiss plaintiff's case and, therefore, the judgment should be affirmed.

To establish a prima facie case, plaintiff is required to show that defendant had notice of the icy condition or, in the exercise of due care, should have had such notice (*see, Doyle v Streifer,* 34 AD2d 183). Plaintiff offered the testimony of the regular mailman for the hotel, who testified that there was a snowstorm on January 16, 1982 that deposited between 10 and 12 inches of snow. This witness was sure that he was testifying as to January 16, 1982 and that he was working that day. However, upon being questioned by the trial court, he said that he only worked Monday through Friday. The court then took judicial notice that January 16, 1982 fell on a Saturday, a day on which the mailman could not have been working.

Plaintiff was the only other person to testify to the weather conditions at the time of his accident. He stated that it was very cold and that his car had "about a foot of snow on it". Plaintiff

did not testify as to when this snow fell and never stated that it snowed on January 16, 1982. Plaintiff also offered testimony from a roofing expert which established, at best, that the condition of the roof could cause icy conditions to form on the walkway at or on the stairway. Plaintiff's testimony, however, was that he fell some 6 to 8 feet from the stairway. In addition, there was no evidence that the roof had caused any ice at that spot, nor of how long the condition existed.

Granting plaintiff every favorable inference to which he is entitled (*Axelrod v Casella*, 48 AD2d 822), it is clear that plaintiff failed to establish that defendant had the required notice of the icy condition or, in the exercise of due care, should have had such notice at the time of the accident (*Mennes v Syfeld Mgt.*, 75 AD2d 936, 937; *Doyle v Streifer, supra*). This defect is fatal to plaintiff's cause of action. In cases involving ice and snow, testimony concerning the conditions of the location that are other than at or near the time of the accident are remote and irrelevant and will not establish constructive notice (*see, Doyle v Streifer, supra*). Therefore, the mailman's testimony that the walkways were never shoveled and that defendant allowed snow to accumulate was insufficient to establish constructive notice of the icy condition causing plaintiff's fall.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.