(June 7, 1988)

■ STUART KAYLOR, Respondent-Appellant, v AMERADA HESS CORPORATION, Appellant-Respondent.—Judgment of the Supreme Court, New York County (Ira Gammerman, J.), entered on May 26, 1987, which, following a jury trial, awarded plaintiff damages in the total amount of $200,851, plus interest, costs and disbursements, is unanimously modified on the law and the facts to the extent of vacating the $105,000 awarded for future impairment of earning capacity and otherwise affirmed, without costs or disbursements.

On August 28, 1981, plaintiff, then 36 years old, was employed as a relief pumpman aboard the S. S. *Chesapeake* in the waters of St. Croix when he lost his balance in the ship's engine room and struck himself with a welding rod, suffering an electric shock which permanently injured his left arm and shoulder. As a result of this accident, plaintiff lost strength in his shoulder muscles and was instructed to refrain from further sea duty. However, even accepting that he can never again serve as a seaman, he is not incapacitated from holding a shore job, and, indeed, plaintiff returned to work in March of 1982 and has apparently been steadily employed ever since. Moreover, although plaintiff asserts that it was always his intention to go to sea, he had extensive shore employment before his accident. During the 7 years preceding the incident in question, he worked offshore for only 5 or 6 months. The record of the trial certainly lacks any indication that plaintiff would have spent most, if not all, of the remainder of his working life on board ship. Even more significantly, he introduced absolutely no proof demonstrating that he could have made more money from sea duty than he has or could anticipate earning on shore. Thus, assuming the existence of a permanent disability, there is no evidence that this impairment has reduced his earning capacity. In fact, other than plaintiff's unsupported contention that he could have made more money by going to sea than he could ever earn on land, there is absolutely nothing in the record to support such a claim. Accordingly, while plaintiff testified that he earned

approximately $15,000 for some 5 to 6 months of sea duty in 1979, he made twice as much in 1983 when he worked after his accident as a shoreside mechanic. No proof was offered at trial regarding his earnings in 1984, 1985, and 1986, and no witness, including plaintiff himself, testified to what he could have been expected to earn as a seaman. Under these circumstances, the award for future lost earnings is purely speculative, and it is impossible to discern how the jury could have concluded that plaintiff would have made $105,000 more but for the accident of August 28, 1981. A litigant who seeks recovery for diminution of future earnings is obliged to submit *some* evidence showing the difference between what he is now able to earn and what he could have earned if he had not been injured. In the instant situation, one searches the record in vain for even a scintilla of such proof. Concur—Murphy, P. J., Ross, Carro, Milonas and Smith, JJ.