■ ALEXANDRA KOTOPOULOS, Respondent-Appellant, v NATHAN HALE GARDENS, INC., et al., Appellants-Respondents

and Third-Party Plaintiffs-Appellants, et al., Defendant. GOTHAM BUILDING MAINTENANCE CORP., Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [652 NYS2d 283] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered May 19, 1995, which, in a slip and fall case in which the jury awarded plaintiff no damages for pain and suffering, granted plaintiff's motion to set aside the verdict to the extent of ordering a new trial on the issue of damages only against defendants-appellants building owner and management agent unless they stipulated that plaintiff's unapportioned damages for past and future pain and suffering amounts to $120,000, which appellants refused to do, unanimously affirmed, without costs. Interlocutory order and judgment (one paper), same court and Justice, entered January 23, 1996, which, upon a jury verdict, apportioned liability 50% against defendants-appellants and 50% against plaintiff, and denied defendants-appellants' motion for a directed verdict on their cause of action for contractual indemnification against third-party defendant maintenance company, unanimously modified, on the law, to grant the motion for a directed verdict, and otherwise affirmed, without costs.

Plaintiff, who slipped and fell in the parking lot of her apartment building and fractured her wrist, argues that the trial court erred in charging the jury on her negligence. This claim is unpreserved, and in any event without merit in view of plaintiff's testimony that just prior to falling she looked up at the building to her left, and that she realized that she had slipped on ice only after she fell, suggesting that she diverted her attention from the icy condition on the ground.

The court properly set aside the verdict insofar as it awarded no damages for pain and suffering in view of the evidence that plaintiff fractured two bones in her right wrist, requiring her to wear a cast for five weeks, and resulting in swelling, pain, and weakness in her hand for two years after the accident and permanent restriction of motion of the wrist and weakness of the grip. We find the unapportioned award of $120,000 to be reasonable compensation under the circumstances herein (CPLR 5501 [c]).

Review of the contract entered into between the management agent and the company it hired to maintain the building shows that the latter contractually obligated itself to indemnify defendants building owner and management agent for any and all liability incurred by them as a result of its negligent acts. Accordingly, defendants-appellants' motion for a directed verdict against defendant-respondent should have been granted

(*see, Haman v Humble Oil & Ref. Co.*, 34 NY2d 557; *Mennes v Syfeld Mgt.*, 75 AD2d 936).

Contrary to defendants-appellants' claim, there was sufficient evidence to permit a finding of their negligence, either because they failed to arrange adequate snow removal procedures in their contract with the maintenance company, or because they had constructive notice of the "freeze-up" in the parking lot long enough before the accident to have remedied it (*cf., Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.