■ EDWARD HARRIS, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Appellant. [770 NYS2d 380]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Sampson, J.), entered May 23, 2002, as, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident and the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as against the weight of the evidence, and upon a separate jury verdict awarding the plaintiff Edward Harris damages in the sums of

$1,500,000 for future lost earnings, $500,000 for past pain and suffering, and $550,000 for future pain and suffering and the denial of its motion pursuant to CPLR 4404 (a) to set aside the award of damages as against the weight of the evidence or to reduce the amount of damages awarded as excessive, is in favor of the plaintiff Edward Harris and against it in the principal sum of $2,550,000.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting the provision thereof awarding the plaintiff Edward Harris damages for future lost earnings and substituting therefor a provision dismissing that claim, and (2) deleting the provisions thereof awarding the plaintiff Edward Harris damages for past and future pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, that branch of the motion pursuant to CPLR 4404 (a) which was to set aside the award of damages for future lost earnings is granted, and a new trial is granted on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the plaintiff Edward Harris of a copy of this decision and order, the plaintiff Edward Harris shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $500,000 to the sum of $200,000, and as to future pain and suffering from the sum of $550,000 to the sum of $350,000, and to the entry of an amended judgment accordingly; in the event the plaintiff Edward Harris so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

A jury verdict will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict upon any fair interpretation of the evidence (see Nicastro v Park, 113 AD2d 129 [1985]). Contrary to the defendant's contention, the jury reached its verdict on the issue of liability finding the defendant negligent and 100% at fault in the happening of the accident upon a fair interpretation of the evidence. Accordingly, the trial court properly denied the motion to set aside the verdict on the issue of liability as against the weight of the evidence (see White v Gasparrini, 295 AD2d 422 [2002]; Benain v New York City Tr. Auth., 277 AD2d 267, 268 [2000]). In light of this determination, we need not reach the defendant's contentions regarding the General Municipal Law § 205-e claims of the plaintiff Edward Harris (hereinafter the plaintiff).

The branch of the defendant's motion which was to set aside the award of damages for future lost earnings should have been

granted. "[L]oss of earnings must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident" (*Clanton v Agoglitta,* 206 AD2d 497, 499 [1994]; *see Kaylor v Hess Corp.,* 141 AD2d 331 [1988]; PJI 2:290 [2003]). The calculation by the plaintiff's expert of future lost earnings was based on the assumption that the plaintiff was incapable of any future employment due to his injury. Although it was undisputed that the plaintiff was unable, at age 29, to continue working as a police officer due to the injury he sustained to his right wrist, he held other employment before becoming a police officer, was a college graduate, and had taken additional college courses following his disability retirement from the police force. As the evidence did not support the expert's underlying assumption that the plaintiff's injury precluded him from engaging in any wage-earning activity, the expert's opinion was of no probative value, and the claim for future lost earnings should have been dismissed as speculative (*see Jackson v Chetram,* 300 AD2d 446 [2002]).

The plaintiff injured the primary tendon in his wrist and thereafter underwent surgery to reconstruct and stabilize the tendon. His orthopedic surgeon described the surgery as successful, although the plaintiff continued to experience pain, weakness, numbness, and loss of motion in his wrist. Under the circumstances, the damages awarded for past and future pain and suffering were excessive to the extent indicated (*see* CPLR 5501 [c]; *cf. Panzarella v Multiple Parking Servs.,* 238 AD2d 906 [1997]; *Kotopoulos v Nathan Hale Gardens,* 235 AD2d 276 [1997]; *Julien v Physician's Hosp.,* 231 AD2d 678 [1996]). Altman, J.P., H. Miller, Adams and Townes, JJ., concur.