■ SHAWN DELL et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. (And a Third-Party Action.) [805 NYS2d 65]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered September 21, 2004, after a jury trial, inter alia, reducing the jury's award for past lost earnings from $320,040 to $144,440, vacating the jury's award for future lost earnings of $90,000 over three years and awarding $0 instead, and awarding plaintiffs $0 for future pain and suffering and future loss of services, unanimously affirmed, without costs.

Plaintiff argues that the trial court should not have disturbed the jury's award of $320,040 for past lost earnings even though his attorney argued in summation that past lost earnings amounted to only $144,440. The only possible basis for the jury's larger award would be a finding that plaintiff, an apprentice ironworker at the time of the accident, had become a journeyman ironworker before a re-injury prevented him from continuing in that line of work, and had thus begun receiving a substantially higher wage. No such showing was made. The record is simply devoid of evidence that plaintiff ever achieved journeyman status before leaving ironwork. The trial court also properly vacated the $90,000 award for plaintiff's future lost earnings, and properly awarded plaintiff no damages instead, since the record contains no evidentiary support for plaintiff's expert's pessimistic assumptions concerning plaintiff's future earning potential, and legally insufficient support for the very generous assumptions concerning what plaintiff's future earning potential would have been had he not been injured (see Harris v City of New York, 2 AD3d 782, 784 [2003], lv dismissed 2 NY3d 758 [2004]; Kaylor v Amerada Hess Corp., 141 AD2d 331, 332 [1988], lv denied 73 NY2d 704 [1989]). We have considered the $0 jury awards for future pain and suffering and future loss of services and find that they are supported by evidence showing that any continuing pain and suffering or loss of services is attributable to an unrelated re-injury. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Catterson, JJ.