■ OLYMPIC REALTY, LLC, Respondent, v OPEN ROAD OF STATEN ISLAND, LLC, et al., Appellants. [36 NYS3d 484]—

In an action, inter alia, to recover damages for breach of a lease, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Dollard, J.), dated July 24, 2015, which denied their motion to compel the plaintiff to comply with their discovery demand dated May 8, 2015, and (2) an order of the same court dated October 23, 2015, which granted the plaintiff's motion to quash certain subpoenas served by the defendants on nonparties.

Ordered that the order dated July 24, 2015, is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to compel the plaintiff to comply with so much of their discovery demand dated May 8, 2015, as sought all documentation relating to all improvements made by the plaintiff to the subject premises after the plaintiff purchased the premises in 2006, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated July 24, 2015, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated October 23, 2015, is affirmed, without costs or disbursements.

This action arises out of a landlord-tenant dispute. The plaintiff purchased the subject premises in 2006, and allegedly upgraded and updated the building on the property. On May 16, 2011, the plaintiff leased the premises to the defendant Open Road of Staten Island, LLC. The three-year term of the lease commenced on June 16, 2011, and included covenants by the tenant to keep the property in good repair.

In June 2014, the plaintiff commenced this action against the defendants, Open Road of Staten Island, LLC, Open Road

Volkswagen of Staten Island, Open Road-Ryan Automotive Group, Inc., Open Road of Edison, Inc., Open Road BMW, Open Road Auto Group, and W. Rodman Ryan, alleging that the property was severely damaged by Hurricane Sandy and, although the defendants collected an insurance payment in the sum of $150,590.96, they never performed the needed repairs to the premises. The plaintiff sought, inter alia, to recover damages for breach of the covenant to keep the premises in good repair. The defendants vacated the premises shortly after the action was commenced, and the plaintiff leased the premises to a new tenant in January 2015.

After the plaintiff's principal testified at a deposition as to improvements the plaintiff made to the premises, the defendants' attorney, in a letter dated May 8, 2015, demanded all documentation relating to those improvements and to the plaintiff's leasing of the premises to a new tenant in January 2015. In subpoenas dated August 7, 2015, the defendants sought, inter alia, all documentation relating to the renovations of the property and/or leasing the property to the new tenant from the principal of the plaintiff's new tenant, and the new tenant's architect, neither of whom are parties to this action.

In the first order appealed from, dated July 24, 2015, the Supreme Court denied the defendants' motion to compel the plaintiff to comply with their discovery demands in the letter dated May 8, 2015. In the second order appealed from, dated October 23, 2015, the court granted the plaintiffs' motion to quash the nonparty subpoenas, on the ground that the information sought was irrelevant to the claims asserted in the action.

The general rule is that the scope of disclosure includes "all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). The plaintiff contends that the defendants are not entitled to the discovery sought because they do not contest the fact that the premises were fully improved when they took possession in June 2011. However, there is an issue as to the quality and extent of those improvements. The plaintiff alleged that it installed modern improvements which were demolished by the defendants, and the plaintiff seeks to recover damages from the defendants for the demolition of these improvements. Therefore, the defendants are entitled to disclosure with respect to the plaintiff's improvements to the premises after the plaintiff purchased the premises in 2006. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to compel the plaintiff to comply with so much of their discovery demand

dated May 8, 2015, as sought all documentation relating to all improvements made by the plaintiff to the subject premises after the plaintiff purchased the premises in 2006.

However, the plaintiff's relationship with its new tenant is irrelevant to this action. In an action to recover damages for breach of a covenant to keep the leased premises in good repair, the measure of damages is " 'what it would cost to put the premises in the required state of repair' " (*Farrell Lines v City of New York*, 30 NY2d 76, 84 [1972], quoting *Mudge v West End Brewing Co.*, 145 App Div 28, 31 [1911], *affd* 207 NY 696 [1913]). Those damages are not diminished or waived if the plaintiff enters into a lease with a new tenant who demolishes the allegedly damaged fixtures to meet its own needs (*see id.* at 85; *City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 301 [1975]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to compel the plaintiff to comply with so much of their discovery demand dated May 8, 2015, as sought all documentation relating to the plaintiff's leasing of the premises to a new tenant in January 2015, and properly granted the plaintiff's motion to quash the nonparty subpoenas served on the plaintiff's new tenant and the new tenant's architect. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.