Valco Bldg. & Maintenance Supplies Corp. v Werwaiss & Co., Inc. (2023 NY Slip Op 02024)

Valco Bldg. & Maintenance Supplies Corp. v Werwaiss & Co., Inc.

2023 NY Slip Op 02024

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-02301
 (Index No. 703938/14)

[*1]Valco Building and Maintenance Supplies Corp., appellant, 
v
Werwaiss & Co., Inc., et al., defendants, W B Werwaiss Realty, LLC, respondent.

Valiotis & Novella PLLC, Long Island City, NY (Katie L. Bireley and Anthony J. Novella of counsel), for appellant.
Kaufman Dolowich Voluck, LLP, New York, NY (James M. Kenny and Kevin J. O'Donnell of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 24, 2020. The judgment, upon a decision of the same court entered September 7, 2018, made after a nonjury trial, is in favor of the defendant W B Werwaiss Realty, LLC, and against the plaintiff in the total sum of $883,243.21.
ORDERED that the judgment is modified, on the facts, by reducing the damages awarded to the defendant W B Werwaiss Realty, LLC, from the principal sum of $596,894 to the principal sum of $128,487.50; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment in favor of the defendant W B Werwaiss Realty, LLC, and against the plaintiff in the principal sum of $128,487.50 in accordance herewith.
In 2008, the plaintiff (hereinafter the tenant) entered into a five-year lease agreement to rent certain commercial property. During the tenancy, the tenant altered the interior of the premises, including removing the offices that were located therein and relocating the bathrooms. Prior to the end of the tenancy, an agent of WB Werwais Realty, LLC (hereinafter the owner), demanded in writing that the tenant restore the property to the condition it was in at the outset of the lease, including "the repair/replacement of walls that were taken down/opened up, the replacement of bathrooms that were removed, the replacement of offices that were removed, [and] the removal of any spraybooths, woodworking areas, etc. that were installed by" the tenant. Prior to vacating the premises at the conclusion of the lease term, the tenant conducted some restorations but did not replace the offices and bathrooms that it had removed.
The tenant commenced this action seeking, inter alia, the return of its $100,000 security deposit. The defendants asserted a counterclaim seeking to recover the amount of money necessary to restore the premises to the condition it was in at the outset of the tenancy. After a nonjury trial, the Supreme Court determined that the tenant breached the lease by failing to restore [*2]the premises to the condition it was in at the outset of the tenancy, that the cost to restore the premises was $696,894, and after applying the $100,000 security deposit as a setoff, that the owner was entitled to a judgment against the tenant in the principal sum of $596,894. The court subsequently entered a judgment in favor of the owner in the total sum of $883,243.21, including prejudgment interest. The tenant appeals.
In reviewing a determination made after a nonjury trial, this Court's "authority is as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [citations and internal quotation marks omitted]).
Article 3 of the lease, entitled "Alterations," provided that the tenant shall make no structural changes to the demised premises without the owner's prior written consent, and that the tenant may make "alterations, installations, additions or improvements which are nonstructural . . . in or to the interior of the demised premises, using contractors or mechanics first approved in each instance by Owner." Article 3 further provided that "[a]ll fixtures and paneling, partitions, railings and like installations, installed in the demised premises at any time . . . shall, upon installation, become the property of Owner and shall remain upon and be surrendered with the demised premises unless Owner, by notice to Tenant no later than twenty (20) days prior to the date fixed as the termination of th[e] lease, elects to relinquish Owner's right thereto and to have them removed by Tenant, in which event the same shall be removed from the demised premises by Tenant prior to the expiration of the lease, at Tenant's expense." Finally, Article 3 provided that upon the tenant's removal of trade fixtures, moveable office furniture, and equipment from the premises, the tenant "shall immediately, and at its expense, repair and restore the demised premises to the condition existing prior to any such installations, and repair any damage to the demised premises or the building due to such removal."
The Supreme Court properly determined that the tenant breached the lease by failing to restore the offices and bathrooms that it had removed, and that the owner was entitled to recover the amount that it would cost to so restore the premises (see Farell Lines v City of New York, 30 NY2d 76, 84-85; Olympic Realty, LLC v Open Rd. of Staten Is., LLC, 142 AD3d 538, 540; Hair Studio 27, Inc. v DiCarlo, 47 Misc 3d 140[A], 2015 NY Slip Op 50610[U] [App Term, 2d Dept, 9th & 10th Jud Dists]).
However, the amount of damages awarded to the owner by the Supreme Court was not supported by the evidence at trial. The cost estimate provided by the defendants' expert included sums of $49,200 for "Masonry Blockwall," $135,000 for "Electric," $90,000 for "HVAC," $45,000 for "Boiler and radiators," $13,750 for "Bathroom vanities and kitchenette," and $2,800 for "Vinyl base." However, the evidence at trial failed to demonstrate that such work would be necessary to restore the premises to the condition it was in at the outset of the tenancy. Further, the expert did not explain how he arrived at his calculations of $5,000 for "Miscellaneous patch and repair," $60,789 for "General Conditions," $18,237 for "Insurance," and $48,631 for "Contractor Fee," or even what these items referred to (see Elstein v Hammer, 192 AD3d 1075, 1079; Ciccarelli v Cotira, Inc., 24 AD3d 1276, 1277; Harris v City of New York, 2 AD3d 782, 784). Accordingly, the court should not have included these sums in its damages award. The cost of the remaining items set out in the expert's cost estimate that were adopted by the court were supported by the evidence, and the plaintiff did not present any counter-evidence regarding the cost to restore the premises. Accordingly, the defendants established that the cost of restoring the premises was $228,487.50. After subtracting the $100,000 security deposit, the court should have awarded damages to the owner in the principal sum of $128,487.50.
Contrary to the tenant's contention, the Supreme Court did not err in awarding the owner prejudgment interest for the period of time between the trial and the entry of the judgment (see CPLR 5001, 5002; Mohassel v Fenwick, 5 NY3d 44, 51-52). However, in light of our reduction of the principal damages award, we remit the matter to the Supreme Court, Queens County, for the entry of an amended judgment after a new calculation of the amount of prejudgment interest.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court