■ MARY A. BURLETT et al., Respondents, v COUNTY OF SARATOGA et al., Appellants. — Mahoney, P. J. Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered April 20, 1984 in Saratoga County, upon a verdict rendered at Trial Term (Mercure, J.).

Plaintiff Mary Ann Burlett (hereinafter plaintiff) received public assistance through the Saratoga County Department of Social Services from July of 1977 until June of 1979. On June 6, 1981, the Department charged plaintiff with welfare fraud. Specifically, the Department charged that she failed to report a $1,200 student loan which she had received and that such amount would have reduced her public assistance payments. The charge was ultimately dismissed with prejudice by County Court. Plaintiff commenced this action for malicious prosecution and her husband included a derivative claim. At trial, plaintiff proved that she had reported the student loan to the Department and that the Department was aware of this fact. She also proved that, in any event, the student loan was exempt and would not have reduced her public assistance payments. The jury found liability and awarded plaintiff $75,000 on the malicious prosecution cause of action and awarded her husband $25,000 on his derivative claim. This appeal by defendants ensued.

On this appeal, defendants concede liability. Their sole argument is that the verdict was excessive. The assessment of

damages is peculiarly a jury function and its determination will not be set aside unless it is grossly excessive as to be unconscionable (*see, James v Shanley,* 73 AD2d 752). Generally, a plaintiff in a malicious prosecution action may recover damages for the direct, natural and proximate results of the criminal prosecution, including those for suffering arrest and imprisonment, injury to reputation and character, injury to health, well-being and feelings, and counsel fees and expenses in defending the criminal prosecution (*see, Loeb v Teitelbaum,* 77 AD2d 92, 105, *mod* 80 AD2d 838; *Watson v City of New York,* 57 Misc 2d 542, 550).

In the instant action, the evidence on damages included legal fees to defend the welfare fraud charge as well as evidence of humiliation and mental anguish. Plaintiff and her psychiatrist testified regarding the emotional and physical manifestations of her depression. While the psychiatrist testified that plaintiff's condition was caused by the criminal prosecution, defendants offered evidence that such condition had other causes. In our view, based on the evidence presented, the verdict was grossly excessive. An award of $40,000 to plaintiff and $10,000 to her husband on the derivative claim more reasonably comports with the evidence submitted on damages.

Judgment modified, on the law and the facts, and a new trial ordered as to the issue of damages only, unless, within 20 days after service of a copy of the order to be entered upon this decision, plaintiffs Mary Ann Burlett and Paul William Burlett shall stipulate to reduce the amount of the verdict in their favor to $40,000 and $10,000, respectively, in which event, the judgment, as so reduced, is affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.