■ Joseph P. DiIorio, Appellant-Respondent, v Gibson & Cushman of New York, Inc., Defendant, and Gibson & Cushman Dredging Corporation, Respondent-Appellant.— Order and judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on January 25, 1988 and February 8, 1988, respectively, unanimously modified, on the law and the facts, and a new trial ordered on the issue of damages only, unless plaintiff, within 20 days after service upon his attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the award for future earnings to $750,000 and to the entry of an amended judgment in accordance therewith and, as thus modified, said order and judgment are otherwise affirmed, without costs or disbursements. If plaintiff so stipulates the order and judgment as amended are affirmed without costs and disbursements. The appeal from the order entered on December 1, 1987 is dismissed without costs and disbursements as having been superseded by the appeal from the January 25, 1988 order and February 8, 1988 judgment.

After review of the record, the damages awarded for future earnings appear to us to be excessive to the extent indicated. We believe that the award was based, in large measure, on the highly speculative and dubious claim that, but for the accident, plaintiff, a 21-year-old dredge oiler without any formal education, would have been elevated to the position of chief engineer on a deep-sea vessel, earning upwards of $100,000 per year for only six months of work. This record does not support such a claim or award.

We have considered the other issues raised by these cross appeals and find that they are without merit. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.