■ ANTHONY BYRD, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant.—In an action to recover damages for false arrest and imprisonment, malicious prosecution, and assault and battery, the defendants New York City Transit Authority, Marc Collo, Walter Arnesen, and Linda Suber appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County

(Levine, J.), dated May 31, 1989, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $950,000 in compensatory damages, the defendant Collo further appeals from so much of the judgment as is in favor of the plaintiff and against him in the principal sum of $200,000 in punitive damages, the defendant Arnesen further appeals from so much of the judgment as is in favor of the plaintiff and against him in the principal sum of $175,000 in punitive damages, and the defendant Suber further appeals from so much of the judgment as is in favor of the plaintiff and against her in the principal sum of $125,000 in punitive damages.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts and as a matter of discretion, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and a new trial is granted on the issues of (1) compensatory damages, (2) punitive damages attributable to the defendant Collo for false arrest and imprisonment, malicious prosecution, and assault and battery, (3) punitive damages attributable to the defendant Arnesen for malicious prosecution, and (4) punitive damages attributable to the defendant Suber for malicious prosecution and assault and battery, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict (1) as to compensatory damages from $950,000 to $250,000, (2) as to punitive damages attributable to the defendant Collo from $200,000 to $75,000, (3) as to punitive damages attributable to the defendant Arnesen from $175,000 to $15,000, and (4) as to punitive damages attributable to the defendant Suber from $125,000 to $35,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff suffered personal injuries when he was allegedly improperly apprehended, booked for arrest and caused to be imprisoned by New York City Transit Authority Police Officers. He subsequently commenced this action to recover damages for false imprisonment, malicious prosecution and assault and battery against the Transit Authority and the individual Transit Authority Police Officers involved in this arrest. The jury rendered a verdict in the plaintiff's favor against the appellants, and this appeal ensued.

At the outset, we note that the trial court did not improvidently exercise its discretion in denying the appellants' request for a bifurcated trial on the issues of liability and damages *(see, Gee v New York City Tr. Auth.,* 135 AD2d 778), as the injuries suffered by the plaintiff were probative in determining how the incident in question occurred *(see, DeGregorio v Lutheran Med. Center,* 142 AD2d 543; *Lynch v Nacewicz,* 126 AD2d 708).

We agree, however, with the defendants' contention that, under the circumstances of this case, the award of $950,000 in compensatory damages deviates materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *see, Perry v City of New York,* 115 AD2d 376; *Burlett v County of Saratoga,* 111 AD2d 426). Although the plaintiff did sustain permanent injuries in the form of minor scarring, and there is some indication that he suffers from post-traumatic stress disorder, the only evidence to support the conclusion that his earning capacity has been significantly affected was his own rather vague and self-serving statements to that effect *(see, DiIorio v Gibson & Cushman,* 151 AD2d 402; *Kaylor v Hess Corp.,* 141 AD2d 331; *see also, Bell v Shopwell, Inc.,* 119 AD2d 715). Upon our review of the record, we conclude that an award of $250,000 in compensatory damages more reasonably comports with the evidence adduced by the plaintiff *(see, Maxwell v City of New York,* 156 AD2d 28, 35; *Burlett v County of Saratoga, supra).*

Although we are mindful that an award of punitive damages is not to be lightly disturbed *(see, Nardelli v Stamberg,* 44 NY2d 500, 503), the record in this action discloses that under no reasonable view of the evidence can it be concluded that either the defendant Walter Arnesen or the defendant Linda Suber acted maliciously in connection with the plaintiff's arrest and imprisonment. Therefore, the plaintiff is not entitled to recover punitive damages against those defendants in connection with the cause of action to recover damages for false arrest and imprisonment *(see, Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, 58-59, *lv granted* 77 NY2d 803; *cf., Giblin v Murphy,* 73 NY2d 769, 772). Nor does the evidence support an award of punitive damages against the defendant Arnesen under the assault and battery cause of action. Further, under the facts of this case, the remaining $350,000 in punitive damages deviates materially from what would be reasonable "considering the purpose to be achieved as well as the *mala fides* of the defendant[s] in th[is] particular case" *(Faulk v Aware, Inc.,* 19 AD2d 464, 472, *affd* 14 NY2d 899, *cert denied*

380 US 916; *see, Laurie Marie M. v Jeffrey T. M., supra; Nellis v Miller,* 101 AD2d 1002, 1003), and that a more appropriate amount would be $125,000. This should be borne by the individual defendants approximately pro rata to what the jury determined would have been their proportionate share of the $350,000, with the defendant Collo liable for $75,000, the defendant Arnesen liable for $15,000, and the defendant Suber liable for $35,000.

We have examined the appellants' remaining contentions, and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.