■ DIANE MUSTO, Respondent-Appellant, v JOHN ARAKEL et al., Appellants-Respondents, et al., Defendant.—Order, Supreme Court, Appellate Term, First Department (Ostrau, P. J., Parness and McCooe, JJ.), entered April 2, 1991, which modified a judgment of the Civil Court, New York County (Margaret Taylor, J.), entered May 1, 1989, to the extent of reversing and vacating so much thereof as awarded plaintiff compensatory damages in the sum of $197,000 and $10,000 in punitive damages on her cause of action for malicious prosecution, and by dismissing said cause of action, and affirmed an award of $120,000 compensatory damages and $10,000 punitive damages* on the cause of action for false arrest and imprisonment unanimously modified, on the law and the facts, and the matter remanded for a new trial on the issue of damages relating to the cause of action for false arrest and imprisonment, and otherwise affirmed, without costs, unless, within 20 days after entry of this order, plaintiff stipulates to the entry of an amended order reducing plaintiff's award for false arrest and imprisonment to $60,000, plus interest, in which event, the order, as amended, is affirmed.

In this action brought to recover damages for false arrest and imprisonment, and for malicious prosecution, there was conflicting evidence as to whether defendant had probable cause to arrest plaintiff and thus, the issue of false arrest was properly one for the jury to determine *(Parkin v Cornell Univ.,* 78 NY2d 523, 529).

As to the cause of action for malicious prosecution, we agree with the Appellate Term. The termination of the instant criminal proceeding against plaintiff cannot be construed as a termination "in favor of the accused" *(Broughton v State of New York,* 37 NY2d 451, 457). Under the factual circumstances here presented, the termination of the criminal pro-

---

* Plaintiff has voluntarily discontinued that portion of her cause of action seeking punitive damages.

ceeding against plaintiff does not establish either a lack of reasonable grounds for the prosecution or the innocence of the plaintiff (see, Hollender v Trump Vil. Coop., 58 NY2d 420, 425-426; Loeb v Teitelbaum, 77 AD2d 92, 100, amended 80 AD2d 838).

While plaintiff did suffer humiliation and mental anguish as a result of the ordeal, we find that the damages awarded by the jury are grossly excessive (see, Burlett v County of Saratoga, 111 AD2d 426). On the facts presented, the compensatory damages should be reduced to $60,000 for plaintiff.

We have considered all other issues and find them to be meritless. Concur—Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.