■ JAMES ROUNDTREE, III, Respondent, v CITY OF NEW YORK, Appellant. [617 NYS2d 170] —Order of the Appellate Term of the Supreme Court, First Department, entered July 22, 1992, which modified a judgment of Civil Court, Bronx County (Douglas McKeon, J.), entered July 16, 1990 upon a jury verdict in plaintiff's favor, by remanding for a new trial on the issue of damages unless plaintiff stipulates to an amended judgment reducing the principal sum of the damage award, previously reduced from $450,000 to $400,000, to $150,000, unanimously modified on the law, the facts and in the exercise of discretion to the extent of increasing the award of damages to $200,000 and otherwise affirmed, without costs or disbursements.

Although the statement of an accomplice identifying a named individual as the perpetrator of a crime is legally sufficient to provide probable cause to arrest based upon the reliability accorded admissions against penal interest, "[s]uch admissions are not guarantees of truthfulness and they should be accepted only after careful consideration of all the relevant circumstances of the case indicates that there exists a basis for finding reliability" *(People v Johnson,* 66 NY2d 398, 403-404).

Here, probable cause was lacking, given the indicia of unreliability in the statement that was undisputedly the impetus for plaintiff's arrest. The investigating officer admitted that he had harbored serious doubts about the witness' identification of plaintiff as the murderer, based upon several discrepancies in the witness' statements, bloody items found in the witness' apartment, the witness' sole access to the basement area where the victim had been found, and statements of several other witnesses to the effect that the witness had had a number of disputes with the victim. Yet, the police failed to conduct an independent investigation to corroborate the witness' statements before arresting plaintiff. The police neglected to perform laboratory tests of physical evidence; although there was evidence that the victim's car had been driven away by a suspect and fingerprints were taken from the car prior to plaintiff's arrest, they were not submitted to the laboratory until two and a half weeks after his arrest; while both plaintiff and his girlfriend provided an easily verifiable alibi that plaintiff had been bowling, the police failed to follow up after calling the bowling alley and speaking to an employee who stated that she had not been working there on the day of the murder; the police failed to interview

a witness whose name had been provided to them before the arrest by the witness who implicated plaintiff, and who proved to be a witness to the murder and a participant in its coverup.

As respondent on the appeal, plaintiff can seek reinstatement of the jury award despite having stipulated to the reduction of damages called for by Appellate Term *(see, Desa v City of New York,* 188 AD2d 313, 314, *lv denied* 81 NY2d 706). Taking into account the unremarkable circumstances of plaintiff's arrest, the three and a half days of incarceration, the publicity attendant to plaintiff's arrest, and the evidence of posttraumatic stress disorder and other symptoms, the amended judgment constitutes reasonable compensation. Concur—Ellerin, J. P., Asch, Rubin, Nardelli and Williams, JJ.