■ In the Matter of PATRICIA L. HEWITT, Respondent, v KEVIN D. HEWITT, SR., Appellant. [689 NYS2d 767] —Peters, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered June 30, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligation.

---

In a prior appeal from an order denying petitioner's application for an upward modification of child support, this Court concluded that the Hearing Examiner had made certain errors in calculating respondent's child support obligation and we remitted the matter for further proceedings (247 AD2d 751). Upon remittal, the Hearing Examiner denied respondent's request for a further hearing and, instead, recalculated respondent's child support obligation on the basis of the parties' 1995 incomes and the basic adjustments required by the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA). As a result, respondent was ordered to pay child support to petitioner in the amount of $168 per week effective as of March 22, 1996, the date that the petition was filed. Respondent appeals.

According to respondent, the purpose of our remittal was to provide "a continuation of fact finding in view of the clarification of the law" by this Court. We disagree. As explained in our prior decision: "Upon our finding that the Hearing Examiner failed to subtract Social Security taxes and respondent's court-ordered child support payments prior to computing the combined parental income, compounded further by a failure to multiply the combined parental income by the applicable 25% child support percentage prior to determining respondent's obligation * * * remittal of this matter to Family Court becomes necessary" (id., at 752-753 [citations omitted]). No additional fact finding was required to correct these deficiencies.

Contrary to respondent's argument, no additional fact finding was required with regard to the comparative incomes of the parties' families, which are relevant in determining whether the amount set by the CSSA is unjust or inappropriate (see, Family Ct Act § 413 [1] [f]). This Court expressly found "no basis in this record to support a deviation from the strict application of the CSSA" (id., at 753). The purpose of the remittal was for recalculation of respondent's child support obligation under a strict application of the CSSA and not to provide respondent with an additional opportunity to establish a basis for deviation from that strict application. Family Court's order must, therefore, be affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.