■ RICHARD F. LANDOW, Respondent, v TOWN OF AMHERST, Appellant. [814 NYS2d 473]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 23, 2005. The judgment, after a nonjury trial, awarded plaintiff the amount of $19,500.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of damages awarded and the award of legal fees and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this false arrest, false imprisonment and malicious prosecution action as a result of his arrest and subsequent criminal prosecution for obstructing governmental administration in the second degree (Penal Law § 195.05). After a nonjury trial, Supreme Court expressly found defendant liable

under the false arrest cause of action and implicitly found defendant liable under the false imprisonment cause of action as well, inasmuch as the court awarded plaintiff damages "for the humiliation and embarrassment suffered during the 28 hours or so that he spent in custody." The court further awarded plaintiff legal fees incurred in the defense of the criminal prosecution. We agree with defendant that the court erred in awarding those legal fees to plaintiff (*see Broughton v State of New York*, 37 NY2d 451, 459 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]), and we further agree with defendant that the court erred in assessing the amount of damages to be awarded for false imprisonment based on a period of incarceration of "28 hours or so" because that period included postarraignment incarceration (*see id.*). Damages resulting from postarraignment incarceration are attributable only to the tort of malicious prosecution, for which the court awarded no damages (*see Williams v Moore*, 197 AD2d 511, 514 [1993]). Consequently, we modify the judgment accordingly, and we remit the matter to Supreme Court to determine the amount of damages to be awarded for false imprisonment consistent with this decision. Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.