■ JOSE LUIS CRUZ, Respondent, v CITY OF NEW YORK, Appellant. [822 NYS2d 77]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J., and a jury), entered January 13, 2004, awarding plaintiff damages in the principal amount of $631,500, consisting of $7,500 for false arrest and imprisonment, $24,000 for future medical expenses over two years, and $600,000 for a violation of 42 USC § 1983, plus interest, costs and disbursements, unanimously modified, on the facts, to vacate the award for the section 1983 violation and direct a new trial thereon, and otherwise affirmed, without costs, unless, within 30 days after service of a copy of this order with notice of entry, plaintiff stipulates to reduce the award for the section 1983 violation to $150,000, and to entry of an amended judgment in accordance therewith.

The jury's finding that defendant City failed to exercise reasonable care in assuring that plaintiff was the person intended to be apprehended under a bench warrant the police had executed (*see Davis v City of Syracuse*, 66 NY2d 840, 842 [1985]) is supported by the weight of the evidence. Such evidence includes police officer testimony that it should take no more than a few hours, 12 at the most, for the Division of Criminal Justice Services to respond to an inquiry as to whether a set of fingerprints match a set already on file, and that it is the duty of the police to follow up with the Division of Criminal Justice Services in

the event of no response; here there was no such response or follow-up. In addition, while plaintiff's name, birth date, eye and hair color matched that on the warrant, his Social Security number, residence and parents' names were not the same as that provided by the fugitive, and plaintiff also provided employment information that was readily available but not checked (*see Williams v City of Buffalo*, 72 AD2d 952, 954 [1979], *appeal dismissed* 49 NY2d 799 [1980]). Also available but not checked by the Department of Probation, to which plaintiff's case was assigned three days after his arrest, was a photograph of the fugitive in court files. Such lack of reasonable care to verify plaintiff's identity, which resulted in a 14-day confinement until plaintiff posted bail, together with evidence that the Department of Probation has no policy in place and customarily makes little effort to verify information provided by suspects even when there is reason to question its accuracy, supports the finding of a section 1983 violation (*see Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 290-291 [2003], citing, inter alia, *Baker v McCollan*, 443 US 137, 144 [1979]; *see generally Monell v New York City Dept. of Social Servs.*, 436 US 658, 694-695 [1978]). Defendant's present challenge to the court's instruction on damages—that damages for a section 1983 violation based on false imprisonment do not span the entire period of confinement but are limited to pre-arraignment—was not preserved by objection (CPLR 4110-b), and the claimed error is not so fundamental as to warrant interest of justice review. However, the damages awarded on the section 1983 claim, primarily mental injuries, deviate materially from what is reasonable compensation under the circumstances to the extent indicated (CPLR 5501 [c]; *cf. Roundtree v City of New York*, 208 AD2d 407 [1994]). Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.