██ RICHARD F. LANDOW, Respondent, v TOWN OF AMHERST, Appellant. (Appeal No. 1.) [852 NYS2d 876]—

Memorandum: Plaintiff commenced this action seeking damages for false arrest, false imprisonment and malicious prosecution resulting from his arrest and subsequent criminal prosecution for obstructing governmental administration in the second

degree (Penal Law § 195.05). As we noted in a prior appeal, Supreme Court conducted a nonjury trial, following which the court "expressly found defendant liable under the false arrest cause of action and implicitly found defendant liable under the false imprisonment cause of action as well, inasmuch as the court awarded plaintiff damages 'for the humiliation and embarrassment suffered during the 28 hours or so that he spent in custody' " (*Landow v Town of Amherst*, 28 AD3d 1223, 1223-1224 [2006]). We agreed with defendant on the prior appeal that "the court erred in assessing the amount of damages to be awarded for false imprisonment based on a period of incarceration of '28 hours or so' because that period included postarraignment incarceration . . . [and d]amages resulting from postarraignment incarceration are attributable only to the tort of malicious prosecution, for which the court awarded no damages" (*id.* at 1224). We therefore modified the judgment by, inter alia, vacating the amount of damages awarded, and we remitted the matter to Supreme Court to determine the amount of damages to be awarded for false imprisonment, i.e., only those resulting from prearraignment incarceration (*id.*). Upon remittal, the court determined that plaintiff had been incarcerated for four hours prior to his arraignment, and the court awarded plaintiff damages in the amount of $10,000 therefor.

Contrary to the contention of defendant, we conclude that the award of damages does not deviate materially from what would be reasonable compensation for the humiliation and embarrassment suffered by plaintiff as a result of his prearraignment incarceration, based on his false imprisonment (*see* CPLR 5501 [c]; *see generally Guion v Associated Dry Goods Corp. [Lord & Taylor Div.]*, 56 AD2d 798 [1977], *affd* 43 NY2d 876 [1978], *rearg denied* 44 NY2d 732 [1978]; *Lynch v County of Nassau*, 278 AD2d 205, 206 [2000]; *Hallenbeck v City of Albany*, 99 AD2d 639, 640 [1984]). Finally, we reject defendant's contention that the court erred in failing to conduct a hearing upon remittal with respect to the issue of damages. In our prior decision, we merely directed the court upon remittal to determine the amount of damages to be awarded for false imprisonment (*Landow*, 28 AD3d at 1224), and "no additional fact finding was required" with respect to that issue (*Matter of Hewitt v Hewitt*, 261 AD2d 766, 767 [1999]). Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.