KEIWAN SITAL, Respondent, v CITY OF NEW YORK, Appellant. [875 NYS2d 22]—

Amended judgment, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about February 13, 2008, after a jury verdict and stipulated reduction, awarding plaintiff damages in the amount of $500,000 on his claim for false arrest and $1,600,000 on his claim for malicious prosecution, pursuant to an order, same court and Justice, entered February 4, 2008, which granted defendant's motion to set aside the verdict to the extent of directing a new trial on the issue of damages unless plaintiff stipulated to said reduction in the award of damages, unanimously modified, on the facts, and the matter remanded for a new trial solely on the issue of damages on the cause of action for false arrest, and otherwise affirmed, without costs, unless, within 30 days of service of a copy of this order with notice of entry, plaintiff stipulates to reduce the award for false arrest to $150,000 and to entry of a further amended judgment in accordance therewith. Appeal from the February 4, 2008 order, unanimously dismissed, without costs, as subsumed in the appeal from the amended judgment. Appeal from judgment, same court and Justice, entered on or about September 5, 2007,

unanimously dismissed, without costs, as superseded by the appeal from amended judgment.

The court properly denied defendant's motion for judgment as a matter of law (*see generally Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Regarding the false arrest cause of action, the evidence demonstrates that a rational jury could have found that there was no probable cause for plaintiff's arrest because the accusation from an identified citizen, which was the sole basis for the arrest, was not sufficiently reliable, given that the investigating officer had doubts about the witness's credibility (*compare Norasteh v State of New York*, 44 AD3d 576 [2007], *lv denied* 10 NY3d 709 [2008]). The identification of plaintiff was also arguably contradicted by physical evidence from the crime scene that was consistent with a conflicting statement of an independent eyewitness, and the jury heard testimony showing that the investigating officer recognized plaintiff based on a prior arrest, at which time he had referred to plaintiff as "an animal." Under these circumstances, a rational jury could have determined that the officer's failure to make further inquiry of potential eyewitnesses was unreasonable under the circumstances, and evidenced a lack of probable cause (*see Roundtree v City of New York*, 208 AD2d 407 [1994]).

Regarding the claim for malicious prosecution, there was a sufficient basis in the trial record for the jury to conclude that the presumption of probable cause created by the indictment was rebutted (*see Colon v City of New York*, 60 NY2d 78, 82-83 [1983]). Viewing the facts in plaintiff's favor (*see Szczerbiak*, 90 NY2d at 556), the jury could have rationally concluded that the investigating officer, who did not alert the prosecutor to the statement by another witness, which was inconsistent with the statement given by the individual who accused plaintiff, and arguably implicated that individual in the shooting, failed to make a complete and full statement of facts to the District Attorney (*see Colon*, 60 NY2d at 82-83). Furthermore, the jury may have reasonably determined that the officer otherwise had initially acted in bad faith by arresting plaintiff solely on the basis of a less than credible accusation, and that the evidence showing that the investigating officer had previously arrested plaintiff and had referred to him at that time as "an animal," supported the finding of malice (*see Maskantz v Hayes*, 39 AD3d 211, 215 [2007]).

However, we modify to the extent indicated because the award of damages on the false arrest claim, even as reduced by the trial court from $2,700,000 to $500,000, deviates materially from what would be reasonable compensation for the 20 hours

plaintiff spent in custody between his arrest and arraignment (CPLR 5501 [c]; *see e.g. Landow v Town of Amherst*, 49 AD3d 1236 [2008]; *Roundtree*, 208 AD2d at 407; *Musto v Arakel*, 184 AD2d 243 [1992]). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ. [*See* 18 Misc 3d 1136(A), 2008 NY Slip Op 50326(U).]