OPINION OF THE COURT
Per Curiam.
Amended judgment, entered February 7, 2005, to the extent appealed from, reversed, without costs, defendants’ motion to set aside the jury verdict on the false arrest claim granted and plaintiffs false arrest cause of action dismissed. The Clerk is directed to enter a further amended judgment accordingly.
Defendants’ motion for judgment notwithstanding the verdict on plaintiffs false arrest claim should have been granted. The existence of probable cause serves as a legal justification for an arrest and an affirmative defense to a false arrest claim (see Martinez v City of Schenectady, 97 NY2d 78 [2001]). The trial evidence, including plaintiffs own testimony, showed that plaintiff, following her arrest, was issued a summons for the offense of excessive horn honking (see Administrative Code of City of NY former § 24-221 [a]; CPL 140.10 [1] [a]). At a subsequent hearing before an administrative judge of the Environmental Control Board, plaintiff was found to have violated the Code and assessed a civil penalty. On this record, and in the absence of any evidence that the administrative ruling was overruled on appeal, dismissal of the false arrest claim is required as a matter of law since probable cause for plaintiffs arrest was established (see Broughton v State of New York, 37 NY2d 451 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]). Lack of probable cause to arrest or prosecute is an essential element of false arrest (see Rivera v City of New York, 40 AD3d 334 [2007]).
Even assuming that defendants did not have probable cause to arrest, the jury’s award of $850,000 on the false arrest claim for three hours of detainment was clearly excessive and beyond *48 any rational limit (see Sital v City of New York, 60 AD3d 465 [2009] [$500,000 award for 20 hours in custody reduced to $150,000]; Landow v Town of Amherst, 49 AD3d 1236 [2008] [$10,000 reasonable for the humiliation and embarrassment suffered during four hours in custody]; Gutierrez v City of New York, 288 AD2d 86 [2001] [$500 for “one day period” absent any evidence of physical or other injuries]). To the extent plaintiff established that she sustained physical injuries, the jury awarded her $100,000 for those injuries on her assault claim, a verdict which defendants do not challenge on appeal.
McKeon, EJ. and Schoenfeld, JJ., concur.