## THIRD DEPARTMENT, APRIL, 1980

### (April 3, 1980)

■ GEORGE BROCKWAY et al., Respondents, v ARNOLD WASE et al., Appellants, and PAUL ANDRIESSEN, Respondent.—Appeal from a judgment of the Supreme Court, entered April 13, 1978 in Greene County, upon a verdict rendered at a Trial Term, in favor of plaintiffs against the defendants Wase. Defendants Wase primarily contend, in essence, that the verdict against them is against the weight of credible evidence. In particular, they urge that their vehicle was stationed off the traveled portion of the highway, whereas the automobile operated by plaintiff Theresa M. Brockway was located in a manner which partially blocked the roadway. While the record does contain evidence from several witnesses in support of their position, the testimony of Mrs. Brockway was in direct contradiction. Her account presented the jury with a sharp factual conflict and a plain question of credibility. Its resolution of those issues may not be disturbed by us since the verdict does have a rational basis. The charge, taken in its entirety, adequately presented the principles of law involved in this case and defendants took no exception thereto. Lastly, considering the nature of the injuries sustained by Mrs. Brockway, we cannot say that the verdict was excessive in amount. Accordingly, the judgment should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.

■ In the Matter of EDEN PARK HEALTH SERVICES, INC., Doing Business as EDEN PARK NURSING HOMES, Petitioner, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondents which imposed a fine in the amount of $41,374 upon petitioner. When this matter was previously before us, we remitted the matter to the Director of the Office of Health Systems Management for particularization of the fine assessed for each of the 10 charges of which petitioner was found guilty (Matter of Eden Park Health Servs. v Whalen, 73 AD2d 993). Now that the record contains a breakdown of the penalties imposed in addition to an explanation as to how those penalties were computed, the respondents' determination must be confirmed. Petitioner argues that respondents violated the provision of subdivision 6 of section 2803 of the Public Health Law, which sets a maximum penalty of $1,000 per day for continuing violations of departmental rules and regulations. We need not, however, decide whether respondents may impose penalties exceeding $1,000 for multiple violations of the same regulation on a given day since the record demonstrates that petitioner was not fined an amount exceeding $1,000 per day for any of the regulations it was found guilty of violating. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.