■ NELSON R. WOODARD, Respondent, v CITY OF ALBANY, Appellant, et al., Defendants. — Appeal from a judgment of the Supreme Court, entered February 19, 1980 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. On November 23, 1976, plaintiff commenced an action against the City of Albany and police officers Smith, Morin and Berben. The complaint alleged that plaintiff was assaulted, without provocation, by officer Smith in a grill in the City of Albany. Further, it was alleged that Smith, together with the other named defendants, arrested plaintiff without probable cause in order to cover up and conceal the misconduct of Smith who was off duty at the time of the alleged assault. During trial, plaintiff withdrew five causes of action against the individual defendants and the cause of action for malicious prosecution against the City of Albany was dismissed upon motion of the city. The jury returned a verdict for $16,000 on the two remaining causes of action for false arrest and false imprisonment. This appeal ensued. The defendant city argues that the trial court's denial of its mistrial motions was error, as was the denial of the motion to set aside the verdict, and, alternatively, that the verdict was excessive. The city's motions for mistrial were directed to the sound discretion of the court *(Hoe & Co. v Crown Cork & Seal Co.,* 22 AD2d 861, affd 16 NY2d 574). Where, as here, such motion is based on plaintiff's trial stratagems, i.e., withdrawal of certain causes of action at various times during the trial, that discretion will not be disturbed when the exercise thereof, again as here, does not create a substantial possibility of injustice. Similarly, the court did not err in refusing to set aside the verdict. Where, as here, a prima facie case for false arrest and imprisonment is made "by showing that defendant's police officer intentionally arrested and confined [plaintiff] against his consent, and without the lawful privilege of a warrant" *(Smith v County of Nassau,* 34 NY2d 18, 22; see, also, *Parvi v City of Kingston,* 41 NY2d 553, 557), a presumption arises that the arrest and detention are unlawful, and the burden of proving justification, including reasonable cause, is shifted to defendant. Here, the arrest and imprisonment were effected without a warrant and the jury did not conclude from the defendant city's proof that such acts were justified. The jury's resolution of this issue should not be disturbed since it is supported by a rational basis *(Brockway v Wase,* 75 AD2d 655). With respect to the damage award, we conclude that the verdict of $16,000 was excessive. As a general rule, the measure of damages for false arrest and imprisonment is such a sum as will fairly and reasonably compensate the injured person for injuries caused by defendant's wrongful act, including damages for physical and mental suffering. Such sum may only include damages up to the time of arraignment or indictment, since subsequent damages are attributable to the tort of malicious prosecution *(Broughton v State of New York,* 37 NY2d 451), an action that was dismissed against the defendant city. Here, plaintiff only spent approximately five hours in jail and there is no indication that he incurred any substantial physical or mental injury as the result of the false imprisonment. Judgment modified, on the law and the facts, and a new trial ordered as to the issue of damages only, unless, within 20 days after service of a copy of the order to be entered herein, plaintiff shall stipulate to reduce the amount of the verdict in his favor to $7,500, in which event, the judgment, as so reduced, is affirmed, with costs to plaintiff. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.