■ JOSEPH E. HALLENBECK, Respondent, v CITY OF ALBANY et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 15, 1983 in Albany County, upon a verdict rendered at Trial Term (Vogt, J.). At approximately 8:30 A.M. on February 19, 1979, defendant Patrick Fox, a police officer for defendant City of Albany, observed plaintiff driving westerly on Central Avenue in said city at an imprudent speed. After Fox stopped plaintiff and while he was asking plaintiff for his license and registration, he noticed that plaintiff's vehicle failed to display a current registration sticker. Fox also observed a sharp instrument, later identified as a "ripping hook", lying on the floor on the passenger side of the automobile. When plaintiff was unable to give a satisfactory answer to Fox' inquiries concerning the hook, he was handcuffed and charged with criminal possession of a weapon in the fourth degree. While waiting to be transported to the police station, plaintiff was given two traffic tickets for the infractions of driving at an imprudent speed and failure to display a proper registration sticker. At about 11:30 A.M., approximately three hours after the arrest, plaintiff was arraigned in police court. The criminal charge was dismissed on the ground that a hook is not a weapon under the Penal Law. At some later date, in traffic court, plaintiff pleaded guilty to the charge of failing to display a registration sticker, but the other traffic charge was dismissed. Plaintiff commenced this action against the City of Albany and Officer Fox for false arrest, alleging that he was deprived of his liberty without probable cause. In their answer, defendants allege that plaintiff's arrest was effectuated with good and sufficient justification based upon reasonable and probable cause. After a jury trial, plaintiff was awarded $25,000 in compensatory damages. This appeal by defendants ensued. While a police officer has the power to arrest a person for any traffic infraction committed in his presence (CPL 140.10, subd 1, par [a]; Vehicle and Traffic Law, § 155), the uncontroverted proof at trial established that plaintiff was not arrested for the traffic violations. After plaintiff presented all his evidence at trial, defendants moved to dismiss on the ground that the issuance of the traffic tickets constituted an arrest. At no time in defense counsel's oral argument did he state that plaintiff was arrested for the traffic infractions. His sole contention was that the issuance of the tickets constituted an arrest. We disagree (see *Robart v Post-Standard,* 74 AD2d 963, affd 52 NY2d 843). Next, plaintiff was only arraigned on the criminal possession charge. Another time was set for his appearance in traffic court for the traffic violations. The sole remaining ground supportive of defendants' motion to dismiss the complaint is that defendant Fox had probable cause to make the arrest without a warrant. Where, as here, a prima facie case for false arrest is made by showing that defendant Fox intentionally arrested plaintiff against his consent, and without a warrant (*Smith v County of Nassau,* 34 NY2d 18, 22; see, also, *Parvi v City of Kingston,* 41 NY2d 553), a presumption arises that the arrest was unlawful and the burden of proving justification, including reasonable cause, is shifted to defendants (*Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425; *Veras v Truth Verification Corp.,* 87 AD2d 381, 384, affd 57 NY2d 947). Here, the jury concluded that defendants had not met that burden

of proof. Since the jury's resolution of this issue is supported by a rational basis, it should not be disturbed (*Brockway v Wase,* 75 AD2d 655). With respect of the damage award, however, we conclude that the verdict of $25,000 was excessive. As a general rule, the measure of damages for false arrest and confinement is such a sum as will fairly and reasonably compensate the injured person for injuries caused by the defendant's wrongful act. Such sum may only include damage up to the time of arraignment, since subsequent damages are attributable to the cost of malicious prosecution (*Broughton v State of New York,* 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929), an action not brought here. In this case, plaintiff was detained three hours and there is no indication that he incurred any substantial physical or mental suffering (see *Woodard v City of Albany,* 81 AD2d 947). Judgment modified, on the law and the facts, by reversing so much thereof as awarded plaintiff $25,000, and a new trial ordered as to the issue of damages only, unless, within 20 days after the service of a copy of the order to be entered herein, plaintiff shall stipulate to reduce the amount of the verdict in his favor to $10,000, in which event, the judgment, as so reduced, is affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.