■ WILLIAM E. DABBS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62230.) — Appeal from a judgment in favor of claimant, entered February 7, 1984, upon a decision of the Court of Claims (McCabe, Jr., J.).

At issue is whether, as the State suggests, a damage award of $15,000 for false arrest made by the Court of Claims in its original decision and again upon remittal from the Court of Appeals (59 NY2d 213) is excessive. Although there is no direct evidence that claimant's inability to obtain employment as a security guard in the Albany area followed publication of his unlawful arrest for rape, that is at least reasonably inferable. Given the uncontradicted testimony that claimant was unemployed following his arrest for approximately 110 weeks, that his most recent previous earnings were at the rate of $135 per week, that he suffered humiliation as a result of this incident and that he underwent several hours of prearraignment incarceration (*Hallenbeck v City of Albany,* 99 AD2d 639; *Woodard v City of Albany,* 81 AD2d 947), we are unable to say that the award is disproportionate to the point of shocking the conscience of the court (*Grimaldi v Finch,* 99 AD2d 920).

Judgment affirmed, without costs. Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Kane, J. P., concurs in part and dissents in part in the following memorandum. Kane, J. P. (concurring in part and dissenting in part). I agree with the majority that there should be a judgment in favor of claimant, but am not persuaded this record demonstrates that claimant's inability to obtain employment as a security guard in the Albany area was caused by his unlawful arrest for rape. Actually, he was employed in the security department of Rensselaer Polytechnic Institute (R.P.I.) from February 18, 1978 to March 14, 1978 when his employment was terminated for, among other things, falsification of his employment applications for a position of trust. His arrest occurred on March 30, 1978. Additionally, it appears he was employed in the Albany area at Two Guys Department Store as a store detective for a period of six to eight weeks after his employment at R.P.I., following which he moved to Texas. Accordingly, under all the circumstances, and in view of the decision of the Court of Claims in which it said that the award was made exclusively for loss of earnings, I consider any claim for loss of earnings unsupported in this record and would reduce the award to nominal damages.