■ BUN SIN LEE, Respondent, v PATHMARK STORES, INC., Appellant. [767 NYS2d 94]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered December 3, 2002, which granted plaintiff's motion to set aside the jury verdict and directed a new trial unless, inter alia, defendant stipulated to an award of $150,000 for future pain and suffering, $109,638 for future custodial care and expenses and to reallocate fault, 50% against plaintiff and 50% against defendant, unanimously affirmed, without costs.

The 75-year-old plaintiff injured her knee when, while walking hurriedly, she slipped on water that had accumulated on the floor of defendant's supermarket premises. While we recognize that "the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d 129, 133 [1985]), here the trial court properly concluded that the jury's apportionment of fault, 65% to plaintiff and 35% to defendant, was against the weight of the evidence. The record shows that although defendant had been aware for some time that ac-

cumulations of water would form in the area of plaintiff's fall due, in part, to rusted pipes, it did nothing to remedy the recurrent hazard or the poor lighting conditions in the surrounding area that enhanced the hazard's danger.

Also contrary to the weight of the evidence was the jury's failure to award damages for future pain and suffering and custodial care. The medical testimony to the effect that plaintiff's pain and suffering might have been partially alleviated if she had agreed to an operation to remove the cerclage wire that had been surgically implanted to stabilize her fractures immediately following the accident did not support the conclusion, apparently drawn by the jury, that plaintiff's continued pain and inability to resume her pre-accident, self-sufficient lifestyle were entirely attributable to her decision not to submit to the additional surgery. Nor did plaintiff's decision not to undergo further surgery justify the jury's determination to make no award for future custodial care, the need for which in the aftermath of plaintiff's accident was well substantiated on the trial record. Concur—Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.