■ KEVIN R. RUZYCKI et al., Appellants, v BRIAN D. BAKER, Respondent. [780 NYS2d 253]—

Appeal from a judgment of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered March 3, 2003. The judgment was entered upon a jury verdict in favor of defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of plaintiffs, Supreme Court did not abuse its discretion in denying their motion to preclude the expert testimony of defendant's independent medical examination (IME) physician. Preclusion for failure to comply with CPLR 3101 (d) is improper where there is no evidence of intentional or willful failure to disclose and no prejudice to the party seeking disclosure (*see Marchione v Greenky,* 5 AD3d 1044, 1045 [2004]; *Young v Long Is. Univ.,* 297 AD2d 320 [2002]; *Hersh v Przydatek* [appeal No. 2], 286 AD2d 984, 985 [2001]; *Cutsogeorge v Hertz Corp.,* 264 AD2d 752, 753-754 [1999]). Although defendant did not respond to plaintiffs' demand for expert disclosure until the middle of trial, plaintiffs were provided with the IME report 18 months earlier, and were therefore on sufficient notice of the IME physician's proposed testimony. Thus, plaintiffs cannot claim either surprise or prejudice (*see generally Hunter v Tryzbinski,* 278 AD2d 844, 845 [2000]; *Cutsogeorge,* 264 AD2d at 754). Moreover, the record establishes that plaintiffs were aware that causation would be an issue, even though the expert did not express an opinion on causation in his report (*see Clemons v Vanderpool,* 289 AD2d 1078, 1079 [2001]). Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.