■ VINCENT TRONOLONE, Respondent, v PRAXAIR, INC., Appellant. (Appeal No. 2.) [833 NYS2d 816]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 19, 2006 in a personal injury action. The judgment, upon a jury verdict, awarded judgment in favor of plaintiff and against defendant in the amount of $1,562,830.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the posttrial motion is granted in part, the verdict is set aside and a new trial is granted.

Memorandum: Plaintiff commenced this Labor Law action to recover damages for injuries he sustained when he fell from a scaffold on property owned by defendant. Following discovery, plaintiff moved for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendant's cross motion. One week before a trial on damages was scheduled to begin, we modified the summary judgment order by denying plaintiff's motion (*Tronolone v Praxair, Inc.*, 22 AD3d 1031 [2005]).

The court denied defendant's motion for an adjournment of

the trial, leaving defendant only days in which to prepare for a trial on both liability and damages. In preparing for the trial, defendant failed to submit an expert disclosure notice with respect to its liability expert, as required by CPLR 3101 (d). As a result, the court precluded that expert from testifying. At the close of testimony, the court granted plaintiff's motion for a directed verdict on liability. The jury returned a verdict awarding damages to plaintiff, and the court denied defendant's motion seeking, inter alia, to set aside the verdict and for judgment as a matter of law or, in the alternative, for a new trial.

We agree with defendant that the court abused its discretion in precluding defendant's liability expert from testifying and thus erred in denying that part of defendant's posttrial motion to set aside the verdict and for a new trial.

"Preclusion for failure to comply with CPLR 3101 (d) is improper where there is no evidence of intentional or willful failure to disclose and no prejudice to the party seeking disclosure" (*Ruzycki v Baker*, 9 AD3d 854, 855 [2004]; *see Marchione v Greenky*, 5 AD3d 1044 [2004]; *cf. Atkinson v Golub Corp. Co.*, 278 AD2d 905, 906 [2000]). Here, there is no evidence of an intentional or willful failure to disclose by defendant, nor did plaintiff establish that he was prejudiced by defendant's failure to comply with CPLR 3101 (d). The record establishes that plaintiff was aware of the identity and the substance of the opinion of defendant's expert because the expert's affidavit had been submitted by defendant in support of its cross motion for summary judgment dismissing the complaint. In view of our determination granting a new trial on liability, we do not address defendant's remaining contentions with respect to other evidentiary rulings concerning liability or the court's ruling on plaintiff's motion for a directed verdict on liability.

With respect to the issue of damages, we agree with defendant that the award of damages for future medical expenses is against the weight of the evidence. "Damages for the prospective consequences of a tortious injury are recoverable only if the prospective consequences may with reasonable probability be expected to flow from the past harm" (*Askey v Occidental Chem. Corp.*, 102 AD2d 130, 136 [1984]; *see Ace v State of New York*, 207 AD2d 813, 815 [1994], *affd for reasons stated below* 87 NY2d 993 [1996]). Here, the testimony with respect to plaintiff's possible need for fusion surgery or a dorsal stimulator did not establish a reasonable probability that such prospective consequences would occur. Thus, we also grant a new trial on damages. Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.