# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**889**

**CA 11-02061**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

JESSE LUCAS, JR., PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

DR. ALAN WEINER, D.D.S., DEFENDANT-RESPONDENT.

---

FRANK S. FALZONE, BUFFALO, FOR PLAINTIFF-APPELLANT.

ANSPACH MEEKS ELLENBERGER LLP, BUFFALO (DAVID M. STILLWELL OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered July 1, 2011 in a dental malpractice action. The judgment dismissed the complaint upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this dental malpractice action seeking damages for injuries he sustained when defendant was extracting one of his molars. The jury returned a verdict in favor of defendant, finding that he was not negligent. Plaintiff failed to preserve for our review his contention that Supreme Court erred in denying his request to charge the doctrine of res ipsa loquitur inasmuch as he failed to object to the court's charge as given. In fact, when the court asked the parties' attorneys following the charge outside the presence of the jury whether there were any objections to the charge, plaintiff's attorney answered, "No, Your Honor." Although plaintiff asserts that, before the charge was given, his attorney objected to the court's refusal to charge that doctrine during an off-the-record charge conference, that assertion is belied by the record. According to the record before us, the court stated following the charge conference that "there were no exceptions to the Court's proposed charge," and plaintiff's attorney stated, "That's correct, Your Honor." We note that plaintiff's initial request that the court charge the doctrine of res ipsa loquitur does not preserve his present contention for our review; he must also have objected when the court thereafter did not give that charge (see *Kilburn v Acands, Inc*., 187 AD2d 988, 988-989; *Jones v Brilar Enters*., 184 AD2d 1077, 1078; *Byrd v Genesee Hosp*., 110 AD2d 1051, 1052). In any event, we conclude that the court properly refused to charge the doctrine of res ipsa loquitur (see generally *Abrams v Excellent Bus Serv., Inc*., 91 AD3d 681, 682-683).

Finally, plaintiff's remaining contention that the verdict is against the weight of the evidence is unpreserved for our review (*see Murdoch v Niagara Falls Bridge Commn.*, 81 AD3d 1456, 1457, *lv denied* 17 NY3d 702), and in any event that contention is without merit (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court