■ ERROL MCPHERSON, Appellant, v CITY OF NEW YORK et al., Respondents. [997 NYS2d 158]—

In an action, inter alia, to recover damages for false arrest, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered November 8, 2012, which, upon a jury verdict in his favor on the issue of liability on the cause of action alleging false arrest, a jury verdict on the issue of damages awarding him no damages, and upon an order of the same court dated May 2, 2012, denying his motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for a new trial on that issue, is in favor of the defendants and against him.

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for a new trial on that issue is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.

The plaintiff was arrested on July 2, 2004, allegedly for unlawful possession of marijuana. The uncontroverted trial testimony reflects that, among other things, the plaintiff was fingerprinted, confined for over 24 hours, and strip-searched prior to his arraignment. Due to his arrest, the plaintiff, who is a teacher, was precluded from performing his teaching duties until the charge against him was dismissed months later.

Thereafter, the plaintiff sued the City of New York and the arresting officer alleging, inter alia, false arrest. A jury determined that no reasonable cause existed for his arrest, but awarded him no damages. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages as against the weight of the evidence and as inconsistent with the verdict on the issue of liability, and for a new trial on the issue of damages. The Supreme Court denied the motion, based solely on the ground that the plaintiff failed to attach a trial transcript to his motion.

The Supreme Court improperly denied the plaintiff's motion for failure to include a trial transcript. As an initial matter, while numerous cases make clear that an appeal may be dismissed for failure to include a trial transcript (*see Smith v Imagery Media, LLC*, 95 AD3d 1204, 1205 [2012]; *Nakyeoung Seoung v Vicuna*, 38 AD3d 734, 735 [2007]; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427, 427 [2004]; *see also* CPLR 5526), the plaintiff was not on notice that a transcript was required at the trial court level. In any event, this case did not involve complex issues, only two witnesses testified, the trial was not lengthy, the testimony with respect to damages was generally undisputed, and the same judge who presided over the trial was in receipt of the plaintiff's motion pursuant to CPLR 4404 (a). Accordingly, this was not a situation where the absence of a trial transcript precluded meaningful review (*cf. Gorbea v DeCohen*, 118 AD3d 548, 549 [2014]).

Upon consideration of the merits of the plaintiff's motion, we agree that the verdict on damages must be set aside as against the weight of the evidence. "As a general rule, the measure of damages for false arrest and confinement is such a sum as will fairly and reasonably compensate the injured person for injuries caused by the defendant's wrongful act. Such sum may only include damage up to the time of arraignment, since subsequent damages are attributable to the cost of malicious prosecution" (*Hallenbeck v City of Albany*, 99 AD2d 639, 640 [1984]). Compensatory damages for false arrest are typically warranted even when the sole or primary injury suffered is loss of liberty (*see Sital v City of New York*, 60 AD3d 465, 466 [2009]; *Malte v State of New York*, 125 AD2d 958, 958-960 [1986]; *Orndorff v De Nooyer Chevrolet*, 117 AD2d 365, 369 [1986]; *Hallenbeck v City of Albany*, 99 AD2d at 640; *Woodard v City of Albany*, 81 AD2d 947 [1981]; *see also Kerman v City of New York*, 374 F3d 93, 125-126 [2d Cir 2004]).

Here, not only did the plaintiff testify to feeling violated and humiliated during his ordeal, but the unequivocal record evidence reflects that he was unlawfully confined for over 24 hours and strip-searched. Thus, the evidence on the issue of damages "so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence" (*Carter v New York City Health & Hosps. Corp.*, 47 AD3d 661, 663 [2008]; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 745-746 [1995]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.

In light of our determination, we need not address the

plaintiff's remaining contentions. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.