# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**700**

**CA 14-01200**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

COUNTRY PARK CHILD CARE, INC.,
PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

SMARTDESIGN ARCHITECTURE PLLC AND TODD
AUDSLEY, DEFENDANTS-RESPONDENTS.

---

PHILLIPS LYTLE LLP, BUFFALO (ALAN J. BOZER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HARTER SECREST & EMERY LLP, BUFFALO (DANIEL J. ALTIERI OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered January 28, 2014. The judgment dismissed the action upon a verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action for professional malpractice against defendants, an architecture firm and one of its employees, alleging that they were negligent in preparing architectural drawings for renovations to plaintiff's daycare facility. Following a trial, the jury returned a verdict of no cause of action, and Supreme Court thereafter denied plaintiff's posttrial motion pursuant to CPLR 4404 (a) seeking to set aside the verdict. This appeal ensued, and we affirm.

Contrary to plaintiff's contention, the court properly denied its motion for a directed verdict at the close of proof (*see* CPLR 4401), and its posttrial motion to set aside the verdict (*see* CPLR 4404 [a]). The parties presented sharply conflicting expert testimony concerning whether defendants' actions constituted a deviation from accepted architectural standards of practice (*see generally Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748, 748-749). Plaintiff was not entitled to a directed verdict pursuant to CPLR 4401 because, affording defendants every favorable inference to be drawn from the evidence, we conclude that there was a rational process by which the jury could base a finding in their favor (*see Szczerbiak v Pilat*, 90 NY2d 553, 556; *Wolfe v St. Clare's Hosp. of Schenectady*, 57 AD3d 1124, 1126), i.e., that they did not deviate from accepted architectural standards of practice. We further conclude that the court properly

refused to set aside the verdict as against the weight of the evidence because the evidence did not so greatly preponderate in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Wolfe*, 57 AD3d at 1126).

Plaintiff further contends that the court abused its discretion in denying its motion for a mistrial based on "repeated" references to settlement demands. There were in fact two such references and, although plaintiff objected to both, plaintiff requested a mistrial only with respect to the second reference, and then only as an alternative to a curative instruction. The court gave an explicit curative instruction to the jury in each instance, and plaintiff failed to object further. We thus conclude that plaintiff failed to preserve this contention for our review (*see Vingo v Rosner*, 29 AD3d 896, 897, *lv denied* 8 NY3d 803). In any event, we conclude that the curative instructions given after both references "were sufficient to neutralize the prejudicial effect of the error[s]" (*Dennis v Capital Dist. Transp. Auth.*, 274 AD2d 802, 803).

Finally, we reject plaintiff's contention that it was deprived of a fair trial by the court's comments and rulings. The court has broad discretion " 'to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and . . . admonish counsel and witnesses when necessary' " (*Messinger v Mount Sinai Med. Ctr.*, 15 AD3d 189, 189, *lv dismissed* 5 NY3d 820), and here the court's conduct did not deprive plaintiff of a fair trial.

Entered: June 19, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court