Nicholas v. City of Binghamton, New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand sixteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

Cecilia Nicholas,

> *Plaintiff-Appellant*,

v.                                                             14-160-cv

Charles Harder, Binghamton Police Officer, City of Binghamton, New York, et al.,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:          Cecilia Nicholas, pro se, Binghamton, N.Y.

FOR DEFENDANTS-APPELLEES:          Kenneth J. Frank, Office of the Corporation Counsel; Brian M. Seachrist, First Assistant Corporation Counsel; Binghamton, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **REVERSED** and **VACATED**.

Appellant Cecilia Nicholas, proceeding pro se, appeals the district court's order awarding attorneys' fees to Appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the grant or denial of attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 12205 for abuse of discretion. *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006); *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001). A prevailing defendant should not be awarded fees unless a court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Panetta*, 460 F.3d at 399 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "The fact that a plaintiff may ultimately lose [her] case is not in itself a sufficient justification for the assessment of fees" in favor of a defendant. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998). Courts should not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *LeBlanc-Sternberg*, 143 F.3d at 770 (quoting *Christiansburg*, 434 U.S. at 421–22).

"Questions as to what allegations were made and what evidence was presented are questions of fact; but the determination as to whether the claims were frivolous, unreasonable, or groundless requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law." *Id.* Ordinarily, a claim should not be deemed "groundless where the plaintiff has made a sufficient evidentiary showing to forestall summary judgment and has

presented sufficient evidence at trial to prevent the entry of judgment against him as a matter of law." *Id.* at 771. "As the decisions of this Court demonstrate, it is very rare that victorious defendants in civil rights cases will recover attorneys' fees." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006).

Applying these principles here, we conclude that the district court abused its discretion in awarding attorneys' fees to Appellees. Although all but one of Appellant's claims were dismissed on summary judgment, many of those dismissed claims depended on evidence gathered through discovery that led the district court to conclude that reasonable minds could not differ as to whether probable cause existed to arrest Appellant. Once the district court found probable cause it dismissed Appellant's illegal search and seizure and First Amendment claims. The determination of probable cause is a mixed question of law and fact and depends on the discovery of historical facts and on whether the law as applied to those historical facts constitutes a violation. *Ornelas v. United States*, 517 U.S. 690, 696–97 (1996). In granting summary judgment to Appellees, the district court focused on whether the facts known to the police officers at the time they seized Appellant were sufficient to warrant a reasonable person to believe that Appellant might be mentally ill and conducting herself in a manner likely to harm herself. Thus, this was not a situation where the court found that either the facts pleaded by Appellant, or the law she relied on in opposing summary judgment, was frivolous.

A large portion of the district court's fee award was attributable to Appellant's excessive force claim, which was not deemed unsuccessful until it was litigated at trial. Although several of the witnesses disputed Appellant's version of events, the mere fact that the jury ultimately chose to disbelieve Appellant did not render her claim frivolous. Moreover, contrary to Appellees'

3

arguments as to the medical evidence, Appellant's trial evidence, including conclusions rendered by her treating doctors, supported her claim that the trauma of the handcuffs could have exacerbated the underlying arthritis in her wrists. Even though Appellant's excessive force claim was not particularly strong, it was not frivolous, unreasonable, or groundless. *Cf. Panetta*, 460 F.3d at 399 (affirming denial of attorney fee award to prevailing defendant because the plaintiff's claim, "though perhaps very thin," was not frivolous and "had some basis in fact"). For prevailing defendants to be awarded fees on a dismissed claim, they must show that the claim was "groundless or without foundation," not merely that the plaintiff "ultimately lost her case." *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) (reversing denial of fee award to prevailing defendants on the summary judgment dismissal of plaintiff's Fair Housing Act claim where the record was "pellucid" that she had never requested an accommodation for her disability and where her prior complaint filed with the New York State Division of Human Rights had been dismissed).

Accordingly, we **REVERSE** the order of the district court and **VACATE** the attorneys' fee award.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk