*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 7, 2016                    521619
_____

MARK JOHNSTONE et al.,
                    Respondents,

        v
                                            MEMORANDUM AND ORDER

FIRST CLASS MANAGEMENT OF
    NEW YORK, LLC,
                    Appellant.
_____

Calendar Date:   February 16, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____


        James W. Borkowski, White Plains, for appellant.

        Gary Waldman, Monticello, for respondents.

_____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Schick, J.), entered October 17, 2014 in Sullivan County, which granted plaintiffs' motion to set aside a verdict in favor of defendant and ordered a new trial.

        Plaintiff Mark Johnstone and, derivatively, his spouse commenced this personal injury action based on allegations that Johnstone had fallen down a set of stairs as the result of the negligent maintenance of a rental property, which was owned by defendant.  The action proceeded to trial solely on the issue of liability, after which the jury returned a verdict that defendant was not liable for Johnstone's injuries, based solely on its determination that defendant had not been negligent in maintaining the premises.  Thereafter, Supreme Court granted plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the

verdict, and it ordered a new trial.  Defendant appeals.

We affirm.  Initially, Supreme Court did not err in deciding plaintiffs' motion to set aside the verdict without the aid of the trial transcript.  The case did not involve complex legal or factual issues, the trial was brief and the same judge that presided over the trial determined plaintiffs' motion.  In light of these facts, the absence of a trial transcript did not preclude the court from meaningful review (see McPherson v City of New York, 122 AD3d 809, 810 [2014]).

A court may set aside a verdict as against the weight of the evidence and order a new trial where "the evidence so preponderate[d] in favor of the [moving party] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Grassi v Ulrich, 87 NY2d 954, 956 [1996] [internal quotation marks and citations omitted]; see Longtin v Miller, 133 AD3d 939, 940 [2015]).  The evidence that defendant had negligently maintained the stairway on its property was overwhelming.  A week before the alleged accident, a building inspector had visited defendant's premises and, as to the stairway, discovered loose steps and a railing that was only partly fastened.  After the building inspector completed his inspection, he conveyed his findings to defendant. Johnstone testified that the cause of his fall was a loose step that pitched him forward and then a railing that swung away as he attempted to grab it to stop his fall.  Pictures taken shortly after the incident reveal that the stairway railing was not secured.

Accordingly, the building inspector's testimony, Johnstone's testimony and the pictures of the stairway established that the stairway was a dangerous condition that remained unameliorated even after defendant had notice thereof, and no evidence was introduced that could fairly support a contrary conclusion.  In light of the fact that the verdict was based solely on the jury's conclusion that defendant was not negligent in maintaining the premises, Supreme Court properly granted plaintiffs' motion to set aside the verdict and ordered a new trial (see Killon v Parrotta, 98 AD3d 828, 829 [2012]; Husak v 45th Ave. Hous. Co., 52 AD3d 782, 784 [2008]; Bun Sin Lee v

<u>Pathmark Stores</u>, 1 AD3d 219, 219-220 [2003]; <u>Crocetto v Alvarez</u>, 185 AD2d 541, 542 [1992]).

Egan Jr., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court