Calhoun v County of Herkimer (2019 NY Slip Op 01025)





Calhoun v County of Herkimer


2019 NY Slip Op 01025


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1138 CA 17-01840

[*1]DAWN CALHOUN, PLAINTIFF-APPELLANT,
v
COUNTY OF HERKIMER, HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES, HERKIMER COUNTY OFFICE OF EMPLOYMENT AND TRAINING ADMINISTRATION, KARIN ZIPKO, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, JEFF WHITTEMORE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, STEVEN BILLINGS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JOHNSON & LAWS, LLC, CLIFTON PARK (GREGG T. JOHNSON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Herkimer County (Erin P. Gall, J.), entered May 18, 2017. The order denied plaintiff's motion for a new trial. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff was employed on a contract basis in an administrative office of defendant County of Herkimer (County) under the supervision of defendant Steven Billings. Billings's wife, a special education teacher, had been assigned to work with plaintiff's son, who had been classified as learning disabled. Over the course of several months, plaintiff had expressed dissatisfaction with the special education services provided to her son by the school district generally and Billings's wife in particular. After plaintiff was informed by Billings that her employment contract would not be renewed due to impending federal funding cuts and she was told that she was not eligible for reinstatement in a different position, she commenced this action alleging, inter alia, that defendants subjected her to unlawful retaliation based upon her advocacy on behalf of her son. Plaintiff appeals in appeal No. 1 from an order denying her posttrial motion pursuant to CPLR 4404 (a) seeking to set aside the jury verdict in favor of defendants and a new trial. Plaintiff appeals in appeal No. 2 from an order granting the motion of defendant Jeff Whittemore, the personnel director for the County, seeking attorneys' fees as a prevailing party.
Addressing first the order in appeal No. 1, plaintiff contends that Supreme Court improperly denied her motion as defective for failure to submit the trial transcript in support of the motion. We are unable to determine on this record whether the court denied the motion on that ground inasmuch as the court did not set forth its reasoning in writing and, although oral argument was conducted on the motion after which the court purportedly rendered a decision, there is no transcript of those proceedings in the record (see generally OneWest Bank, FSB v Spencer, 145 AD3d 1488, 1488 [4th Dept 2016]; McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]; Corina v Boys & Girls Club of Schenectady, Inc., 82 AD3d 1477, 1477 n [3d Dept 2011]). In any event, inasmuch as "[t]he case did not involve complex legal or factual issues, the trial was brief and the same judge that presided over the trial determined [the] [*2]motion," we conclude that the absence of a trial transcript did not preclude meaningful review of the motion and, thus, the motion was not defective (Johnstone v First Class Mgt. of N.Y., LLC, 138 AD3d 1222, 1223 [3d Dept 2016]; see McPherson v City of New York, 122 AD3d 809, 810 [2d Dept 2014]; cf. Frank v City of New York, 161 AD3d 713, 713 [1st Dept 2018]).
Plaintiff asserts that, pursuant to CPLR 4404 (a), she is entitled to a new trial in the interest of justice on several grounds. Contrary to plaintiff's contention, she is not entitled to a new trial on the ground that defendants' counsel improperly referenced certain prejudicial information during cross-examination of her. We conclude that the curative instruction given by the court immediately after the reference was "sufficient to neutralize the prejudicial effect of the error" (Dennis v Capital Dist. Transp. Auth., 274 AD2d 802, 803 [3d Dept 2000]; see Country Park Child Care, Inc. v Smartdesign Architecture PLLC, 129 AD3d 1636, 1637 [4th Dept 2015]; Murdoch v Niagara Falls Bridge Commn., 81 AD3d 1456, 1457 [4th Dept 2011], lv denied 17 NY3d 702 [2011]).
We reject plaintiff's contention that a new trial is warranted because the court erred in ruling that Billings's wife could not be questioned about the substance of her conversations with Billings. Confidential communications between spouses are generally privileged inasmuch as one spouse "shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage" (CPLR 4502 [b]). "The [spousal] privilege falls . . . when the substance of a communication, and not the mere fact of its occurrence, is revealed to third parties" (Matter of Vanderbilt [Rosner—Hickey], 57 NY2d 66, 74 [1982]). Here, contrary to plaintiff's contention, the spousal privilege was not waived because the testimony and affidavits of Billings's wife did not reveal the substance of any confidential communication to third parties (see id.; cf. People v Weeks, 15 AD3d 845, 846 [4th Dept 2005], lv denied 4 NY3d 892 [2005]).
Plaintiff further contends that she is entitled to a new trial because defendants' production of several of Billings's emails and related documents about federal funding on the first day of trial constituted an unfair surprise and was prejudicial. We reject that contention. Inasmuch as plaintiff was aware from the moment of her termination and throughout the lengthy pretrial litigation that defendants' position was that her contract was not renewed due to impending federal funding cuts, the record demonstrates that plaintiff anticipated that defendants' defense to her action would be that such reduction in budget, not retaliation, was the basis for the termination. She therefore cannot claim surprise that defendants sought to introduce documentary evidence supporting that defense (see Ruzycki v Baker, 9 AD3d 854, 855 [4th Dept 2004]; Stafford v Molinoff, 228 AD2d 662, 663 [2d Dept 1996]; cf. Hannon v Dunkirk Motor Inn, 167 AD2d 834, 834-835 [4th Dept 1990]). In addition, although the documents were not produced until the first day of trial, they were not received in evidence until Billings testified on behalf of defendants several days later. Thus, the record does not establish that plaintiff was prejudiced by defendants' delayed disclosure inasmuch as plaintiff's attorney had several days to review the documents and sufficient notice to prepare for cross-examination of Billings (see Ruzycki, 9 AD3d at 855).
Plaintiff also contends that she is entitled to a new trial because the court erred in failing to provide the expansive jury charge initially proposed by plaintiff's attorney regarding the County's corporate knowledge of plaintiff's protected activity. Plaintiff failed to preserve that contention for our review inasmuch as her attorney, following a charge conference, acquiesced to the court providing a single sentence from the proposed charge, and plaintiff's attorney did not object to the charge after the court instructed the jury (see Lucas v Weiner, 99 AD3d 1202, 1202 [4th Dept 2012]).
By failing to timely object, plaintiff also failed to preserve for our review her contention that the number of jurors who agreed to the verdict as reported on the verdict sheet was inconsistent with the number of jurors who agreed to the verdict when polled (see Cornell Univ. v Gordon, 76 AD3d 452, 453 [1st Dept 2010]; see also CPLR 4113 [a]). Additionally, because plaintiff appealed in appeal No. 1 from only the order denying her posttrial motion pursuant to CPLR 4404, and she did not raise on that motion her further contention that the jury rendered an inconsistent verdict, that contention is not properly before us on this appeal (see Topczij v Clark, 28 AD3d 1139, 1140 [4th Dept 2006]; see also Meldrim v Hill, 260 AD2d 836, 837 n 1 [3d Dept 1999]).
Additionally, we conclude that plaintiff failed to preserve for our review her contention that the verdict is against the weight of the evidence inasmuch as she did not raise that issue in her posttrial motion (see Nitzke v Loveland, 188 AD2d 1058, 1059 [4th Dept 1992]). In any event, the evidence did not so preponderate in favor of plaintiff that the verdict "could not have been reached on any fair interpretation of the evidence" (Harris v Stoelzel, 96 AD3d 1459, 1460 [4th Dept 2012] [internal quotation marks omitted]).
In appeal No. 2, plaintiff contends that the court erred in granting Whittemore's motion for attorneys' fees. We agree. The court granted the motion on the basis of 42 USC § 1988, which authorizes the award of attorneys' fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation" (Christiansburg Garment Co. v EEOC, 434 US 412, 421 [1978]; see Fox v Vice, 563 US 826, 833 [2011]). Nonetheless, it remains " very rare [for] victorious defendants in civil rights cases [to] recover attorneys' fees' " (Shields v Carbone, 99 AD3d 1055, 1057 [3d Dept 2012], quoting Sista v CDC Ixis N. Am., Inc., 445 F3d 161, 178 [2d Cir 2006]; see Nicholas v Harder, 637 Fed Appx 51, 52 [2d Cir 2016]).
Here, in determining that plaintiff's claim against Whittemore was frivolous, the court relied on plaintiff's testimony during her deposition. During her deposition, however, plaintiff specifically stated that the factual basis for her claim against Whittemore was that he was the personnel director and his conduct caused injury to her because he allowed someone else to be placed in the position to which she sought to be reinstated. Contrary to the court's determination, any inability of plaintiff to provide further elaboration during her deposition, which was taken early in the litigation shortly after commencement of the action, did not establish that her claim against Whittemore was frivolous. Moreover, a claim may not "be deemed groundless where[, as here,] the plaintiff has made a sufficient evidentiary showing to forestall summary judgment and has presented sufficient evidence at trial to prevent the entry of judgment against him [or her] as a matter of law" (LeBlanc-Sternberg v Fletcher, 143 F3d 765, 771 [2d Cir 1998]; see Nicholas, 637 Fed Appx at 52). Although the civil rights allegations against Whittemore may have been weak, we cannot deem plaintiff's claim "frivolous, unreasonable, or without foundation" (Christiansburg Garment Co., 434 US at 421; see Shields, 99 AD3d at 1057). We therefore reverse the order in appeal No. 2 and deny the motion.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court