Harper v Al-Shaby (2023 NY Slip Op 03992)

Harper v Al-Shaby

2023 NY Slip Op 03992

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

237 CA 22-00104

[*1]CARMETRIS HARPER AND HORACE HARPER, PLAINTIFFS-APPELLANTS,
v
SALEH N. AL-SHABY, ALI MOHAMMED SALEH AND ADEN ENTERPRISES, INC., DOING BUSINESS AS GREEN FARM MARKET, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA, LLP, BUFFALO (KATHLEEN J. MARTIN OF COUNSEL), FOR DEFENDANT-RESPONDENT SALEH N. AL-SHABY.
MURA LAW GROUP, BUFFALO (SCOTT D. MANCUSO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ALI MOHAMMED SALEH AND ADEN ENTERPRISES, INC., DOING BUSINESS AS GREEN FARM MARKET. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered January 11, 2022. The order and judgment dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside, the complaint is reinstated, and a new trial is granted.
Memorandum: Plaintiffs, Carmetris Harper and Horace Harper, commenced this negligence action seeking to recover damages for personal injuries Carmetris Harper allegedly sustained when she tripped after catching her foot between a metal strip and a patch of missing concrete on the exterior steps at the entrance of a store operated by defendants Ali Mohammed Saleh and Aden Enterprises, Inc., doing business as Green Farm Market, on property owned by defendant Saleh N. Al-Shaby. In appeal No. 1, plaintiffs appeal from an order that, inter alia, denied their posttrial motion seeking, among other things, to set aside the verdict and grant a new trial. In appeal No. 2, plaintiffs appeal from an order and judgment that, inter alia, dismissed the complaint upon a jury verdict in favor of defendants. Initially, we note that the appeal from the order and judgment in appeal No. 2 brings up for review the propriety of the order in appeal No. 1, and thus the appeal from the order in appeal No. 1 must be dismissed (see Almuganahi v Gonzalez, 174 AD3d 1492, 1492-1493 [4th Dept 2019]).
In appeal No. 2, plaintiffs contend that Supreme Court erred in denying their posttrial motion insofar as it sought a new trial based on the preclusion of the testimony of their expert. We agree. In preparation for trial, plaintiffs hired an expert to evaluate the condition of the entryway where the accident occurred. Defendants moved, inter alia, to preclude the testimony of that expert on the ground that he inspected the accident site without plaintiffs having provided notice pursuant to CPLR 3120 (1) (ii). In opposition to the motion, plaintiffs asserted that the expert merely drove by the area where the steps were located after repairs had been made and that no inspection took place. The court granted those parts of defendants' motions seeking preclusion and sanctioned plaintiffs by precluding all testimony from that expert.
CPLR 3120 is a notice requirement applicable to a party seeking discovery within another [*2]party's control, not a disclosure requirement placed on the party seeking the discovery. Thus, assuming, arguendo, that a failure by a party seeking discovery to provide an opposing party with a CPLR 3120 (1) (ii) notice could serve as the basis for a sanction, we conclude that plaintiffs were not required to give defendants notice pursuant to CPLR 3120 (1) (ii) because the steps were observable by the expert in a public space (see Rinker v 55 Motor Ave. Co., LLC, 173 AD3d 1388, 1389 [3d Dept 2019]; Dorsa v National Amusements, 6 AD3d 654, 654 [2d Dept 2004]). Moreover, the record reflects that the expert did not perform an inspection or engage in other activities within the scope of CPLR 3120 (1) (ii). We conclude that the court erred in granting those parts of defendants' motions seeking to preclude plaintiffs' expert from testifying and thus erred in denying plaintiffs' posttrial motion insofar as it sought a new trial based on the preclusion of that expert (see generally Tronolone v Praxair, Inc., 39 AD3d 1146, 1147 [4th Dept 2007]).
In light of our determination, we do not address plaintiffs' remaining contentions.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court